# *Ex parte* McAnulty.

### Petition for Mandamus.

1. *Ejectment ; second suit will be staid until payment of costs in former suit ; mandamus.*—Where a second suit in ejectment brings in question the same title to the same property, between the same parties or their privies to the first, the court will stay the second suit until the costs of the former have been paid ; and upon the denial of the court to stay the proceedings in a subsequent suit, on the application of the plaintiff in the former suit, the court will be compelled thereto by *mandamus.*

This was an application for mandamus, filed originally in this court. The facts of the case are sufficiently stated in the opinion.

W. W. SANDERS, for petitioner, cited *Jackson v. Edwards,* 1 Cowen 138 ; *Henderson v. Griffin,* 5 Peters 151 ; Tyler on Ejectment, 586 ; 5 Encyc. of Pleading & Practice, 261.

No counsel marked as appearing for respondent.

COLEMAN, J.—Beulah B. McAnulty brought suit in ejectment against one Alford for a certain lot of land and recovered judgment against him with cost, and was put in possession. Execution issued for the cost which was returned "No property found," and the costs are yet unpaid. Immediately after the recovery of the judgment and possession by the plaintiff in ejectment, L. and A. Scharff brought suit in ejectment against Beulah B. McAnulty to recover from her the same parcel of land. The petitioner applied to the court for a stay of the ejectment suit against her until the costs had been paid, incurred in the suit by her against Alford, which order was denied. Thereupon petitioner applies to this court for *mandamus* to compel the judge of the circuit court to grant the stay. The facts of the petition are admitted to be true, and they show that Alford was in possession as the representative of the

[Ward v. Cheney, Trustee.]

Scharffs, that he defended upon their title, and that his attorney was employed by the Scharffs, and that the same title is involved in the present suit by the Scharffs against petitioner.

Formerly, the rule was applied only in cases where the plaintiffs or their privies were the same in both suits, but the later authorities hold that the change in the situation of the parties makes no difference. Thus it was held in *Altman v. Altman*, 12 Penn. St. (2 Jones) 246, "that proceedings in ejectment will be stayed, until the costs of a former ejectment suit are paid, when the present plaintiff was one of the defendants in the former suit." The direct question arose in the case cited from 12 Penn. *supra*, and we agree in the conclusion of that court, that there is no reason why a distinction should be made. See also *Jackson v. Edwards*, 1 Cowen (N. Y.) 138, 140; *Sears v Jackson*, 3 Stockton (N. J.) 45, and authorities cited; 5 Encyc. Plead. & Prac., 259-60; *Ex parte Shear*, 92 Ala. 596.

The rule *nisi* will be made absolute, and peremptory *mandamus* awarded.