# *Ex Parte* Matthews.

*Application for Mandamus to City Court Judge to Require him to Stay further Proceedings in a Cause until Costs are Paid.*

(DECIDED FEB. 8, 1906, 40 So. REP. 78.)

1. *Costs; Payment; Subsequent Action; Stay.*—Where the same plaintiff brings a second suit against the same defendant, on the same cause of action, without first paying the costs adjudged against him in the first suit, the court will stay proceedings, on motion, a reasonable time, and unless the costs are paid within such time, may dismiss such last suit.

2. *Same; Appeal; New Trial.*—When a cause is appealed to this court and the judgment of the lower court is reversed and the cause remanded, the trial had over again is not such a second suit as entitles a party to a stay until the costs of the former trial and the appeal have been paid.

In the Supreme Court.

Application by T. J. Mathews for mandamus against G. K. Miller, as judge of the city court of Talladega, to compel the granting of a motion staying further proceedings in an action by one Farrell against Mathews until Farrell should pay the costs of a prior appeal within a reasonable time, or, in default thereof, that the suit be dismissed.

The facts sufficiently appear in the opinion of the court.

WHITSON & DRYER, for petitioner.—To trace history of the rule to stay proceedings until costs are paid, arising first in ejectment suits, and then extending to

other causes, see 23 Am. & Eng. Enc. of Law (1st Ed.) p. 527 and note.

And to show that the Alabama court broadly follows the reason upon which the rule is founded, see *Brown v. Brown*, 81 Ala. 508; *Ex parte Shear*, 92 Ala. 596; *Ex parte Street*, 106 Ala. 102; *Ex parte McAnulty*; 117 Ala. 237; *Southern R'y. Co. v. Roney*, 117 Ala. 270; *Hamilton v. Maxwell*, 119 Ala. 25.

To show that the rule is applicable to the same case in the supreme court on second appeal; and in the lower court, as to the costs of the supreme court, on reversal see, Sub. div. 2 of text, page 260 of Vol. 11 Cyc and the cases there cited, viz., *Jackson v. Schauber*, 4 Wen. N. Y. 216; *Felt v. Amadon*, 48 Wis. 66.

The history in this court of the case of *Ex parte Merritt*, 38 S. R. page 183 to show that rule *nisi* or alternative writ should be granted in a case worthy of consideration later upon the application for peremptory writ. The costs of the supreme court adjudged against the plaintiff, and which defendant has been compelled to pay under execution against him on return of "No property found" against the plaintiff, is in the nature of a judgment for the same cause of action in a prior suit between the same parties where plaintiff lost and sues again. And

2. The costs of the lower court for the transcript and other items to the said appeal, constitute, in effect, a final judgment beyond the control of the lower court against the plaintiff, Code of Ala. 1896 § 456 and which, for every reason of justice, he should pay as a condition precedent to a further prosecution of the suit.

Mandamus is the correct remedy.—*Wilson v. Duncan*, 114 Ala. 659; *Ex parte Sullivan*, 106 Ala. 81; *Ex parte Tower Mfg. Co.*, 103 Ala. 417; *Reynolds v. Crook*, 95 Ala. 570; *Ex parte Haralson*, 75 Ala. 543; *Ex parte Barnes*, 84 Ala. 540; *Ex parte North*, 49 Ala. 385; *Fuller v. Boggs*, 49 Ala. 127; *Ex parte Lawrence*, 34 Ala. 446; *Ex parte Morgan*, 30 Ala. 51; *Ex parte Mahone*, 30 Ala. 49; *Ex parte Robbins*, 29 Ala. 71; *Ex parte Cole*, 28 Ala. 51; *Stillman v. Dunklin*, 48 Ala. 175.

[*Ex parte* Matthews.]

KNOX, DIXON & BURR, for respondent.—For authority to issue execution against plaintiff, or plaintiff and surety upon a return of no property found against the defendant, see Section 1351, Code 1896 and Acts 1900-01 p. 1338 amending said section. Plaintiff is construed as appellant on appeal.—*Westcott v. Booth,* 49 Ala. 182. The established rule in this State is to limit the right of a stay until costs are paid to the single instance where a suit has been brought and the plaintiff has had his day in court and his suit is dismissed. Under such circumstances, he cannot be heard again in the same court in the same character of suit without paying the costs of the former suit. Such is not the case here.— *Renny v. Johnson,* 2 Wend. (N. Y.) 623; *Johnson v. Amberson,* 140 Ala. 342; *Southern Ry. Co. v. Rainey,* 117 Ala. 270; 5 Ency. of Ency. of Law and procedure, p. 260.

DENSON, J.—Farrell, as plaintiff, sued Mathews. as defendant, at law, in the city court of Talladega, and recovered a judgment against him. From that judgment Mathews appealed to the supreme court, and the cause was reversed and remanded for another trial in the court below. On the appeal the supreme court rendered a judgment against Farrell for the costs of the appeal. Execution was issued from the supreme court on the judgment against Farrell for the costs, and was returned by the sheriff "No property found." Thereupon, in accordance with the statute (section 1361 of the Code of 1896, and the act amendatory thereto (Acts 1900-01 p. 1338), execution issued out of the supreme court against the appellant (defendant), whereby he was forced to pay the costs of the appeal. After the reversal, two executions were issued out of the city court in accordance with section 456 of the Code of 1896, for the costs of the transcript, each of which was returned "No property found." The plaintiff continuing in default with respect to the payment of such costs of the supreme court and the city court, the defendant in the city court moved the court for an order staying further proceedings in the cause until the plaintiff should

pay the costs within a reasonable time to be prescribed by the court, or in default thereof that the suit be dismissed. The plaintiff admitted the facts averred in the motion, but denied that the defendant as matter of law had any right to have such order made. The court denied the motion. Thereupon the defendant, Mathews, applied to this court for a writ of mandamus commanding and directing Hon. G. K. Miller, as judge of the city court of Talladega, to make and enter an order in such cause as moved for in his motion in that court. Rule *nisi* issued to Judge Miller, and he has appeared and admits the facts alleged in the application for the mandamus, but denies as matter of law that the applicant is entitled to the peremptory writ.

The question presented for determination here is whether or not the further prosecution of the suit by the plaintiff in the city court should be stayed in that court until the plaintiff pays the costs of the supreme court and the lower court incident to the appeal. It has been several times held by this court that, when a party brings a second suit against the same defendant on the same subject-matter and for the same purpose without having paid the costs of the former suit, an order may be obtained, on motion and notice, staying further proceedings until the costs are paid, within a reasonable time, and if the plaintiff remains in default the cause must be dismissed.—*Brown v. Brown,* 81 Ala. 508, 2 South. 95; *Ex parte Shear,* 92 Ala. 596, 8 South. 792, 11 L. R. A. 620; *Ex parte Street,* 106 Ala. 102, 17 South. 779; *Ex parte McAnulty,* 117 Ala. 237, 23 South. 680; *Hamilton v. Maxwell,* 119 Ala. 23, 24 South. 769. But the question presented now is one of first impression in this court. This power of enforcing payment of costs of a prior action originated in ejectment suits, "but the scope of the rule was subsequently enlarged and now embraces all classes of actions." 11 Cyc. 257; *Hamilton v. Maxwell,* 119 Ala. 23, 24 South. 769; *Gerety v. Reading R. Co.,* 9 Phila. (Pa.) 153; *Buckles v. Chicago, M. & St. P. R. Co.,* (C. C.) 47 Fed. 424; *Perkins v. Hinman,* VT Johns. (N. Y.) 237; *Weston v. Withers,* 2 D. & E. 511.

The main theory upon which the courts exercise this right of staying the proceedings until costs have been paid is founded upon the necessary control which courts have over their own proceedings, and their duty to pre-·' vent them being made the means of oppression and vexation. "The power of granting a stay is equitable in its nature, and intended to prevent the vexatious multiplication of suits."—*Sooy v. McKean,* 9 N. J. Law, 86; *Dare v. Murphy,* 12 Civ. Proc. R. (N. Y.) 388; *Gerety v. Reading R. Co.,* 9 Phila (Pa.) 153. And it has been held in other jursidictions that to authorize the stay the suit must be vexatious.—*Harless v. Petty,* 98 Ind. 53; *Skeels v. Bodine,* 68 App. Div. 217, 73 N. Y. Supp. 1093; *Helm v. Katerman,* 2 Woodw. (Pa.) 433. Whatever be the theory upon which the courts proceed in the enforcement of it, the rule is well established that the proceedings in the second suit will be stayed until the costs in the prior case have been paid. So it has been held that the court may stay a second appeal until the costs of a former appeal are paid.—*Dresser v. Brooks,* 5 How. Prac. (N. Y.) 75; *McIntosh v. Hoben,* 11 Wis. 400. And in the case of *Jackson v. Schauber,* 4 Wend. (N. Y.) 216, cited by the petitioner, it was held that on a reversal of a judgment the trial court may stay proceedings by the plaintiff until the costs of the appeal were paid. In the report of this case no reasoning appears to have been employed by the court in reaching the conclusion, but the conclusion is simply announced. Certainly the ruling finds no support in the theory that the appeal was a second suit, nor in the theory that the further prosecution of the suit in the lower court without first paying such costs would be oppressive or vexatious, or that it would be the encouragement of a multiplication of suits.

So, in the case at bar, the costs of the appeal did not accrue at the instance of the plaintiff. He was not the movant or actor in the appeal, but it accrued at the instance of the defendant. Moreover, the appeal was prosecuted, not to right any wrong done by the plaintiff, but to correct an error committed by the court with respect to the law of the case. In the cases cited to the

point that the court may stay a second appeal until the costs in a former appeal are paid, the appellant in the two appeals was the same person, he was the actor in each instance, and in the Wisconsin case the ruling was put on the ground that it would prevent the vexatious multiplication of suits.—*McIntosh v. Hoben,* 11 Wis. 400. We see no good reason for extending the rule of staying proceedings to the extent insisted upon by the petitioner. Therefore we hold that the court did not err in declining to stay the proceedings until the costs of the appeal were paid, and the application for the mandamus is denied.

Application denied.

HARALSON, DOWDELL, and ANDERSON, JJ. ,concur.