# Howell *v.* Howell, *et al.*

*Bill for a Partition, to Allot Dower and Homestead, and for An Accounting.*

(Decided Feb. 2, 1911.   54 South. 601.)

1. *Partition; Another Action Pending.*—The pendency of a bill by an executor to sell lands to pay decedent's debt, and to distribute the residue, is not a defense in abatement to another suit by him individually to sell land for partition, although relief in one suit would be a bar to the other.

2. *Abatement and Revival; Another Suit Pending.*—Identity of complainant, or respondents, and of subject matter, is not sufficient to make one suit a bar to another.

3. *Same; Essential to Abatement.*—To abate a suit because of another action pending the action must be pending when the plea is filed, as well as when the second suit is brought.

4. *Pleading; Abatement; Burden of Proof.*—The burden of proof is on a respondent pleading in abatement.

[Howell v. Howell, et al.]

5. *Appeal and Error; Right to; Favorable Decree.*—Where a demurrer has been sustained to a bill the demurrant cannot appeal from the decree notwithstanding the decree overrules one of the grounds of demurrer.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Henry Clay Howell against George Howell and others, to sell land for partition, and incidentally to allot dower and homestead, and for an accounting for rents, income and profits. From a decree dismissing the bill complainant appeals. Reversed, rendered and remanded.

ULLMAN & WINKLER, for appellant. The bill filed in Cherokee County was not a proper matter of abatement.—*Hall v. Holcomb,* 26 Ala. 720. Matters in abatement must be pleaded before the filing of a plea to the merit.—*Nabors v. Nabors,* 2 Port. 162; *Cleveland v. Chandler,* 3 Stew. 489. The filing of a demurrer to the bill is a waver of matters of abatement.—*Powers v. Bryan,* 7 Port. 9; *Callison v. Lemons,* 2 Port. 145. To sustain a plea of a former pending suit it must appear that the subject matter and the relief sought in the second suit are the same as in the first suit. The plea in abatement is not available unless the judgment which could be rendered in the prior suit would be conclusive between the parties, and operate as a bar to the second suit.—*Foster v. Napier,* 73 Ala. 595; 1st Cyc. pp. 27-28; *Williams v. Gaston,* 148 Ala. 214-216; *Western Union Tel. Co. v. Crumpton,* 138 Ala. 632; *Stokes v. Dimmick,* 48 South. 66, 68. A plea in abatement of another action will fail where there is a substantial difference in the equities asserted and the relief sought.—1st Cyc. page 28; *Heuschkel v. Heuschkel,* 86 Ill. App. 132; *Eaton v. Eaton,* 36 N. W. 50; *Jenkins v. Eldrige,* 3 Story (U. S.)

181; *Mining Co. v. Mining Co.*, 121, Fed. 973; *Richardson v. Fletcher*, 56 Atl. 981; *Morrisson Co. v. Williams*, (Mass.) 86 N. E. 888. The rule in equity is the same.— 1st Cyc. 29, notes 42-43. The rule is well settled that a suit pending which abates a subsequent one must be between the same parties.—*Davis v. Petrinovich*, 112 Ala. 654; *Meyer v. Johnston*, 53 Ala. 237. The proper decree to be rendered when a cause is abated is "dismissed without prejudice." Where a party sues in a particular capacity, he is only bound, in the capacity in which he sued.—*Carey v. Roosevelt*, 81 Fed. 608; *Johnson v. Graves*, 28 N. E. 315; *State ex rel Hospes v. Branch*, 36 S. W. 226; *Sonnenberg v. Steinback*, 62 Am. St. Rep. 885; *Gray v. Noonan*, 56 Pac. 116; *Appeal of Clarke* 39 Atl. 155; 70 Conn. L. 195; *Lanby v. Gill*, 86 N. Y. Supp. 718; *Davis v. Davis*, 30 Ga. 296; *Slocomb v. DeLizardi*, 99 Am. Dec. 740; *Rathbone v. Honey*, 58 N. Y. 463; *Landon v. Townsend*, 19 N. E. 424; *Idem*, 129 N. Y. 1666; 29 N. E. 71; *McGuckin v. Milbank*, 83 Hun. 473; 31 N. Y. Supp. 1049; *Buchanan v. Kimes*, 61 Tenn. 275. A plea of the pendency of a prior action is not available unless the prior action is of such a character that, had a judgment been rendered therein on the merits, such judgment would be conclusive between the parties and could be pleaded in bar of the second suits—*Cook v. Burnley*, 11 Wall. 659-672; 20 Law Ed. 29; *Owens v. Loomis*, 19 Hun. 606; *Gardner v. Clarke*, 21 N. Y. 403; *Goert v. Webster*, 11 Hun. 428; *Harris v. Johnson*, 65 N. C. 478; *Prosser v. Chapman*, 29 Conn. 515. Not enough that same property is in controversy.—*Dawley v. Brown*, 79 N. Y. 390; *Stowell v. Chamberlain*, 60 N. Y. 272; *Kelsey v. Ward*, 16 Abb. Pr. 98. Parties must be same.—*Gilbreath v. Jones*, 66 Ala. 132; *Chamberlain v. Gaillard*, 26 Ala. 504. Plaintiff must sue in same capacity in each action.—*Ellerbe Admr. v. Troy Admr.* 58 Ala. 145

JAMES A. MITCHELL, and JAMES A. BILBRO, for appellee. The plea was sufficient.—1 Enc. of Forms, p. 70. Under the decisions in this state and elsewhere, the plea was good as an abatement of the pending suit.—Sec. 2451, Code 1907; *Coaldale B. & T. Co. v. So. Con. Co.,* 110 Ala. 605; *Foster v. Napier,* 73 Ala. 595; 1 Enc. P. & P. 752; 1 Cyc. 29 and 40. An action by a party in his individual capacity abates an action by the same party as administrator.—*Beech v. Norton,* 8 Conn. 71; 3 Enc. P. & P. 1216. The real question is are the real parties the same.—3 Enc. P. & P. 1215; 50 N. E. 583; 117 N. W. 1100; 98 Id. 625; 82 Id. 377; 80 Id. 546; 15 Pac. 326. If there had been a decree in the Cherokee suit, it would have been a bar to another suit for that, as its chief purpose.—82 N. W. 377; 96 Id. 406; 52 Id. 369; 34 Mass. 510, and authorities supra. The court did not err in holding the plea proved, and in dismissing the bill.—131 N. Y. 636; 115 Cal. 180; 24 Kan. 45.

MAYFIELD, J.—Appellant, as a tenant in common, filed his bill against the respondents, as his cotenants, to sell the lands described in the bill, for division, on the ground that the same could not be equitably divided or apportioned among the joint owners; and, incidentally, to allot dower and homestead rights as to one of the tenants in common, and for an accounting against others for rents, incomes, and profits. The bill is evidently filed under section 5222 et seq. of the Code of 1907. The respondents demurred to the original bill. This demurrer being sustained, complainant thereafter twice amended his bill, and the respondents' demurrer to the bill as last amended was overruled. Thereafter, on April, 10, 1908, the respondents, or some of them, filed a special plea in abatement of the suit, alleging that this action was commenced in the chancery court

of Jefferson county on the 15th day of August, 1908, and that before that date, to wit, on the 7th day of November, 1908, complainant had commenced a suit in the chancery court of Cherokee county, "which said bill was more than once amended by the complaint therein, the last amendment in which the said bill as amended is set out in full being filed on, to wit, the 7th day of April, 1908, and a copy of the said bill of complaint as last amended by the amendment filed on the said 7th day of April, 1908, is hereto attached and made a part of this plea, and the said complainant, Henry C. Howell, in said cause alleged or set out that he sued therein 'as executor of the estate of G. W. Howell, deceased.' And the defendants aver and allege that this suit is for the same subject-matter and seeks the same relief as the said action in the chancery court, of Cherokee county, Ala.; that it is between the same or substantially the same parties, and these defendants are also defendants in that action, which said former suit so brought and prosecuted against these and other defendants to this cause by the said complainant is still pending in the chancery court of Cherokee county, Ala., and not 'discontinued, tried, or determined, and this the said defendants are ready to verify." This plea was heard on its sufficiency and was by the chancellor held sufficient. Complainant then moved to strike the plea, which motion was overruled by the chancellor. The cause was then heard on this plea, the transcript of the proceedings in the chancery court of Cherokee being used by agreement as the evidence upon which the issue raised by the plea should be tried; and on this hearing the bill was dismissed, from which decree this appeal is taken, appellant assigning appropriate errors as to its rendition and as to the other interlocutory orders and decrees.

[Howell v. Howell, et al.]

The suit in the chancery court of Cherokee county was no defense in bar or abatement of this suit in Jefferson county. The two suits, though partly between the same parties and involving the same subject matter, were so different in object and purpose that the one could not be a bar to the other no matter which was filed first. The real causes of action were not the same, in the two, though they concerned the same property, and though the relief sought might have been to some extent the same. The one action was by an executor solely, suing as such, thus representing and partly administering the trust while the other was by an individual, suing in his own individual right, to sell the lands belonging to him and the other respondents as tenants in common.

The identity of complainants, of respondents, and of subject-matter, is not sufficient to make one suit a bar to the other; the suits are by no means the same. Defenses available to the one would not be at all available in the other. For example, a plea of nul tiel executor would defeat the one but not the other. That there was no necessity of further administration would and actually did defeat the former in part, but it would be no defense whatever to the other. The fact that the lands could be equitably divided among the tenants in common would defeat the last, a sale for division; indeed, if the averments of facts as to which there seems to be no dispute are true, it is the only complete defense to the bill; yet such fact would be no defense to the first suit.

It is true beyond question that all the relief sought in both bills ought not to be, cannot be, granted, and if granted in one it would be a bar to the other; but that alone is not sufficient to make the pendency of the one abate the other. To be sufficient to abate the action en-

tirely, the final judgment or decree, when rendered in the first, must be good as a bar to the entire second action. That a part of the relief to be awarded in the two suits is the same is not sufficient to abate the second action entirely, unless it would be sufficient to bar it entirely.

Conceding, without deciding, the identity of parties and of subject-matter, in the two suits, sufficient for one to abate or bar the other, there is not such identity of the causes of action or bases of the two suits. In fact, the real equities of the two suits are entirely different. Instead of being the same, they are repugnant to and contradictory of each other.

The first is that the lands are chargeable with existing debts of the testator, and the purpose of the first bill as last amended was to subject the lands to the payment of this indebtedness, and it sought only incidentally, and as a necessary result of such proceeding, to distribute the residue, if any remained, among the devisees of the testator. The last bill denied every material averment of that part of the first bill, denied that there were any debts which were a charge upon this land, denied that there was any necessity of an administration of the lands in order to pay debts, or legacies, alleged that the lands were free and immune from any charge or trust imposed by the will or by law, in effect denied the right of the executor to further deal with them as a part of the administration of the trust imposed upon him by the will, and sought to sell the same freed from all such trust or charge, for division among the joint owners thereof. This much is made certain and conclusive by the decree of the chancellor in the court below, on demurrer to the first bill as last amended. A demurrer was sustained by the chancellor to the bill in so far as it sought to sell the lands to pay debts

due from the testator, for that it failed to show that there were any such debts which were or could be made a charge upon these lands; that the executor had no authority or power, under the averments of the bill, to subject the lands, or to intercept the rents, for any purpose in the administration of the trust; and that the chancery court could confer none. So far as this feature of the first bill (that which sought to sell the lands of the testator) was concerned—its being a pending suit—it conclusively appears that it had been decided and adjudicated adversely to the executor before the second bill was filed. The plea does not aver that any offer was made to amend the bill, nor that an appeal from this decree was ever taken or contemplated; nor does the proof show either. The plea did not set up this demurrer, or the decree thereon, but alleged that it was a pending suit when the second bill was filed; and, on the hearing on its sufficiency, it might have been held sufficient to the extent of showing that the first suit to sell the land was pending when the second bill was filed; but the proof on the submission on final hearing disproved this averment of the plea, by showing that there was no pending suit for this purpose when the second bill was filed.

While the demurrer to the first bill was overruled, and the bill held sufficient in so far as it sought to charge a part of the respondent, as executors de son tort, and to have an accounting by them as such wrong-doers or intermeddlers, this feature of the bill of course, would be no bar nor ground to abate a subsequent suit, by tenants in common, to sell the common property for division and to have an accounting as for incomes, profits, or waste, although the parties and the subject matter might be the same; the rights and liabilities of the parties in the two cases being entirely different. But,

when it comes to proof of the plea, it failed in this respect as much as it did in the other. Although the demurrer to the first bill was overruled on this ground, it was sustained on other grounds, and no offer or attempt was made to amend the bill, nor was any appeal taken therefrom, nor could the respondents have appealed because the decree was in their favor, though the ruling of the chancellor as to this feature of the bill was against them. This proposition has been repeatedly decided by this court.

Speaking to this subject, McClellan, C. J., said, in the case of *Watson v. Jones*, 121 Ala. 579, 25 South, 720 : "The decree did sustain the fourteenth ground assigned in one of the demurrers. And it is a decree sustaining a demurrer to the bill, and nothing more or less. His reference to the assignment upon which he rested the decree is the mere giving of his reason for the decree, and his reference to the other assignments is to be taken as a mere expression of his opinion that the bill is not bad for the reasons stated in them. What he did and all he did was to sustain respondent's demurrer to the bill, and the effect of this was to put the bill out of court unless it is amended. The respondent can take no steps in the cause until the amendment is made. She may then, as she is advised, again demur to the bill, and appeal to this court if her demurrer is overruled. If the amendment is not made, she goes out of court with her costs. She cannot come here now to have this court declare whether the chancellor's reasons for the decree he rendered and his views as to the bill being otherwise unobjectionable are sound. She cannot thus have us to review a decree in her favor, or to render any judgment here in respect of a mythical decree, a decree never rendered in legal contemplation, against her."

[Howell v. Howell, et al.]

This rule is declared in the cases of *Ferris v. Hoglan,* 121 Ala. 240, 25 South. 834; *Cottingham v. Greely,* 123 Ala. 478, 26 South. 514; *Coleman v. Butt,* 130 Ala. 268, 30 South. 364; *Tatum v. Tatum,* 111 Ala. 209, 20 South. 341; *Esslinger v. Herring,* 147 Ala. 198, 40 South. 142.

In the case of *Cottingham v. Greely, supra,* this court, speaking through Tyson, J., said: "There was no amendment by the complainants of their bill to meet the defect pointed out by the demurrer which the chancellor sustained, and until the bill is amended the complainants have no cause in court, and should they fail to make the amendment within the time required by the order of the court the appellants go out of court with their costs."

It has been last ruled by this court that, to abate a suit because of another action pending, the action must be pending when the plea is filed, as well as when the second suit is brought. While the plea alleged the pendency of the first suit, it was not supported by the proof, but disproved in this respect.

The burden of proof was on respondents as to this plea, and, they having failed in the proof as to material averments thereof, complainant was entitled to a decree on that issue. It therefore follows that the decree must be reversed; and a decree will be here rendered for the complainant, as to the plea in abatement.

Reversed and rendered and remanded.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.