# Bynum *v.* Stroup.

*Assumpsit.*

(Decided June 3, 1914.   65 South. 704.)

*Appeal and Error; Persons Entitled to Allege.*—Where the action was for debt and the defendant denied owing the debt and the judgment entry showed that issue was joined on defendant's plea of the general issue, and that there was a verdict for the defendant and judgment entered accordingly, such defendant is not in position to appeal from such judgment, and in the absence of an adverse ruling affecting the amount of defendant's recovery there can be no review of the judgment.

APPEAL from Lawrence Circuit Court.

Heard before Hon. D. W. SPEAKE.

Assumpsit by T. S. Stroup against J. W. Bynum. Judgment for defendant and defendant appeals. Appeal dismissed.

C. L. PRICE and TROUP & NIX, for appellant. The motion for a new trial should have been granted because the evidence disclosed first the transfer of the mortgage to Ida Roberts and if it passed the legal title she was the proper one to be sued and not the defendant; and second, if there was no valid transfer then the sale was void as though no sale had ever been made; and third, the evidence showed that the plaintiff was indebted to the defendant.—*Moneagle & Co. v. Livingston,* 150 Ala. 562.

D. C. ALMON, for appellee. The record shows a joinder on the complaint and general issue interposed by the defendant, a judgment for the defendant and does not present any adverse ruling to defendant affecting the amount of his recovery and hence defendant has nothing of which he can complain and the appeal should be dismissed.

PELHAM, J.—The judgment entry of the trial court set out in the record proper, to which this court must look as an indispensable prerequisite to the prosecution of the appeal, shows a judgment on the merits, following a verdict of the jury to the same effect, rendered in favor of the defendant, who is the party appealing.

While the pleadings show that the defendant denied owing the debt or demand upon which suit was brought and alleged "that the plaintiff is owing the defendant," yet the judgment entry shows that issue was joined on the defendant's plea of the general issue, and the whole course of the trial shows that no more was contended for upon the part of the defendant than that he was entitled to a general finding in his favor on the demand sued upon by the plaintiff. The only written instruction requested by the defendant was the general charge that if the jury believed the evidence, they must find for the defendant, and yet the judgment shown by the record is a moneyed judgment *in favor of the defendant,* predicated upon a like finding by the jury. No adverse ruling is presented for review affecting the amount of the *defendant's* recovery, and obviously there is nothing presented for review prejudicial to the defendant when the judgment rendered is shown to be in his favor.

When the judgment on the merits is in favor of the party appealing, there is nothing shown by the record

[Isbell v. Shelby County.]

prejudicial to him upon which an appeal can be predicated.—*Chambers v. Morris,* 144 Ala. 626, 628, 39 South. 375; *Derrick v. Shaneyfelt,* 152 Ala. 606, 44 South. 651; *Freeman v. Blount,* 172 Ala. 655, 55 South. 263.

In this state of the record, the appeal must be dismissed.

Appeal dismissed.