# Central of Georgia Railway Co. *v.* Chambers.

### Crossing Accident.

(Decided May 11, 1916.   Rehearing denied June 30, 1916.
72 South. 351.)

1. **Costs; Payment; Subsequent Action.**—Where plaintiff had judgment, and the judgment was reversed, and the cost taxed against plaintiff, defendant was not entitled as a matter of right to a stay of further proceedings until plaintiff shall have paid the costs on a former appeal.

2. **Negligence; Contributory; Age of Plaintiff.**—Where the action was by a minor for personal injuries, and the plea was contributory negligence, the question whether or not plaintiff was under or over fourteen years of age was for the jury, the evidence being conflicting.

3. **Appeal and Error; Harmless Error; Pleading.**—Where it clearly and satisfactorily appears from the verdict that a recovery was not had upon a count of the complaint, any error in refusal of charges as to that count, was harmless.

4. **New Trial; Excessive Damages.**—Under Acts 1915, p. 610, and § 2846, as amended by Acts 1911, p. 198, and Acts 1915, p. 722, the appellate court cannot reverse a cause for excessive damages, or reduce the same in the absence of a motion to that effect in the lower court.

APPEAL from Russell Circuit Court.

Heard before Hon. N. D. DENSON, Special Judge.

Action by Canty Chambers, pro ami, against the Central of Georgia Railway Company, for damages for personal injury. Judgment for plaintiff and defendant appeals. Affirmed.

[Central of Georgia Ry. Co. v. Chambers.]

G. L. COMER, for appellant. GLENN & DE GRAFFENRIED, and S. B. HATCHER, for appellee.

GARDNER, J.— (1) This is the third appeal in this cause.— *Cen. Ga. Ry. Co. v. Chambers,* 183 Ala. 155, 62 South. 724; Id., 194 Ala. 152, 69 South. 518. Plaintiff received his injuries while attempting to cross over the bumpers of two connecting freight cars which were blocking the public road crossing in the town of Hatchechubbee, and said crossing, according to the insistence of plaintiff, was blocked by the railway company an unreasonable length of time. We forego a further statement of the case, as the same is sufficiently set forth on the former appeals. Upon the previous trials the plaintiff recovered judgments, and appellant here secured a reversal on each appeal. The costs were accordingly taxed against the appellee, J. W. Chambers, as the next friend of Canty Chambers, a minor. On the last trial motion was made by defendant that further proceedings in the case be stayed until J. W. Chambers pay the costs of the former appeal, for collection of which execution had issued. The trial court denied the motion, and this is the first question presented by the assignment of errors. The precise question here presented has been decided by this court adversely to appellant's contention.— *Ex parte Matthews,* 145 Ala. 505, 40 South. 78. There was therefore no error in this action of the court.

(2) The cause proceeded to trial on two counts. Count A rested for recovery upon simple negligence. That the evidence was entirely sufficient for submission to the jury of the issues presented under this count is, under the former decisions in this cause, too clear for discussion, and the affirmative charge requested by defendant was therefore properly refused. So, likewise, the question of the age of a boy, whether under or over 14 years (a matter, under the plea of contributory negligence, material to count A)', was in conflict, and was properly a jury question.

(3) The other count of the complaint, designated as count 10, and declared sufficient in its averments on the last appeal (194 Ala. 152, 69 South. 518), sought recovery as for a willful or wanton injury. The trial court submitted also the issues under this count for the determination of the jury, being persuaded to that action, no doubt, by some portions of the conductor's evidence tending to show that he had actual knowledge of the plaintiff's

[Central of Georgia Ry. Co. v. Chambers.]

dangerous position, and, without taking any precautionary meas-
ures to prevent injury to him, communicated the signal for the
movement of the train.

The court in its oral charge, correctly and fully stated the law
applicable to each count, instructing the jury that they had a
right to specify in the verdict upon which count they rested their
verdict, in the event they found the issue in favor of the plaintiff.
The jury returned a verdict for plaintiff, awarding the sum of
$5,000 damages under Count A of the complaint, specifying in the
verdict said count, which was, as previously stated, for simple
negligence.

A few of the refused charges referred to count 10, but as the
verdict of the jury clearly discloses that a recovery on that count
was denied to plaintiff by the jury, said count and any assign-
ments of error relating thereto may be eliminated from consid-
eration, for if any error were committed, it would be without
injury to the appellant. We do not mean to indicate that there
was error in any of these rulings—indeed we are inclined rather
to the contrary view—but for the reason above stated the consid-
eration of these assignments is unnecessary.

(4) The last assignment of error complains of the excessive-
ness of the verdict, and counsel for appellant insist that the
amount thereof indicates that the jury must have been influenced
by passion or prejudice. The report of the case on the last ap-
peal discloses that a verdict for $10,000 had been recovered,
which sum was reduced by the trial court to $7,500 on defendant's
motion for a new trial. There is in this record no motion for a
new trial, nor any similar application to the court below, and of
consequence no ruling of that court on the question here sought
to be reviewed. Appellant's counsel seems to rest under the belief
that, under the provisions of the act of the Legislature of 1915,
amending the act approved April 21, 1911, authorizing this court
to reverse a cause if in the opinion of the court the judgment of
the lower court is excessive and there is no other ground of re-
versal, this court is empowered to act and reduce the judgment
as if upon an original application in this court, and this, in the
absence of any motion to such effect in the lower court, or of any
ruling of the trial court which might lead to such review. A re-
view of the action of the trial court in granting or refusing a
new trial is provided by section 2846 of the Code, as amended by
the act of April 5, 1911 (Acts 1911, p. 198), and as again amend-

ed by the act of 1915 (Acts 1915, p. 722). Such a question as that here sought to be presented is properly raised in the court below by motion for a new trial.—*Cook & Laurie Co. v. Bell,* 177 Ala. 618, 59 South. 273; *Gen. Ga. Ry. v. Steverson,* 3 Ala. App. 317, 57 South. 494; *Ewart Lbr. Co. v. Am. C. & P. Co.,* 9 Ala. App. 152, 62 South. 560.

The following language of the court in *Cook & Laurie v. Bell, supra,* finds here direct application: "Where the amount of a verdict is not supported by the evidence, it can be corrected only by setting it aside on proper and timely motion by the party aggrieved. * * * If the practice of remittitur is to be made available, it is necessary that the trial court should be properly informed of this complaint against the verdict; and hence the motion to set aside should plainly challenge it as being excessive in amount. The question is not properly raised by an assignment merely that the verdict is contrary to the evidence, and hence the trial court cannot be put in error for overruling the motion."

The act of 1915 (Acts 1915, p. 610), relied on by appellant's counsel, was not intended to confer upon this court jurisdiction to reverse a judgment of the court below, or to reduce the amount of the judgment as excessive, in the absence of any application to the trial court and ruling thereon inviting such review. In a case of this character on appeal this court is in the exercise of appellate jurisdiction only. While the language of the act of 1915 may not expressly so state, yet we think it quite clear that the act presupposes appropriate application to the trial court and action thereon. To construe it otherwise would confer upon this court original jurisdiction to grant a new trial, and such was clearly not the legislative intent. Upon the question of excessive damages, therefore, we have before us nothing to review.

We have here given consideration to the questions insisted upon by counsel for appellant in his brief on submission of this cause. We find no reversible error in the record, and the judgment of the court below is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.