(135 So. 326)

### HAMRICK v. TOWN OF ALBERTVILLE.

8 Div. 304.

Supreme Court of Alabama.

June 11, 1931.

Claud D. Scruggs, of Guntersville, and E. O. McCord & Son, of Gadsden, for appellant.

Thos. E. Orr, of Albertville, and Street, Bradford & Street, of Guntersville, for appellee.

**FOSTER, J.**

 This is an appeal by the property owner from an assessment for street improvement made by the town of Albertville. This is the second appeal. 219 Ala. 466, 122 So. 448. Prior to the former trial, the property owner, now this appellant, filed a motion in the circuit court to set aside the final assessment made by the city on various grounds, among others, that the council made the assessment in a secret session to which the property owner was excluded. This court held such a proceeding was in violation of sections 5254, 5255, Code, and that its effect, if true, was a denial of due process of law, and that the question should have been submitted to the jury. Reference was also made to the rule that technical irregularities would not prevent the circuit court from proceeding to render judgment for the amount properly chargeable. Section 2210, Code, as amended by Acts 1927, p. 768, § 39. But if the assessment was made at a session to which the property owner was excluded or without notice to him, this was not a technical irregularity, but was a fundamental defect (City of Hartselle v. Culver, 216 Ala. 668; 114 So. 58), and, if true, the court could not proceed under section 2210, Code, but should annul the assessment and leave it to the town to institute supplementary proceedings, if so advised. Section 2195, Code, as amended by Acts 1927, p. 765, § 24; Garner v. City of Anniston, 178 Ala. 430, 59 So. 654; Hood v. Bessemer, 213 Ala. 225, 227, 104 So. 325.

 When the cause came on for hearing after it was remanded for another trial, the town, by its counsel, filed a written consent that the court make an order vacating the final assessment by the town in so far as it affects the property here involved. The property owner moved to strike this written instrument, and objected to an order to such effect, and insisted that the cause be heard in all its aspects, and that the issues be submitted to a jury. Thereupon the court entered an order vacating the "final approval given by said council to said assessment roll so far as the same relates to the property involved in this suit," because the "approval was given at a meeting of said council, the whole or a part of which was secret." The defendant excepted. Thereupon judgment was rendered for defendant, and costs of the cause taxed against the town. Defendant appeals from this judgment.

As we construe the judgment, it is a final disposition of the cause, and annuls the final assessment made by the town and leaves the town to proceed as it may be advised. Section 2195, Code; Garner v. City of Anniston, supra. An appeal may be taken from a final judgment by either party (section 6078, Code); but, if there is nothing in the record prejudicial to the appellant, and the judgment is in his favor to the full extent claimed, there is nothing on which to predicate an appeal, and it is usual to dismiss it. Chambers v. Morris, 144 Ala. 626, 39 So. 375; Derrick v. Shancyfelt, 152 Ala. 606, 44 So. 651; Freeman v. Blount, 172 Ala. 655, 55 So. 293; Bynum v. Stroup, 10 Ala. App. 637, 65 So. 704; Howell v. Howell, 171 Ala. 502, 54 So. 601.

The ruling of the court on the motion of the property owner to stay the proceedings until the town shall pay the costs of the former appeal was not prejudicial because there was no further proceeding except that which was favorable to him, even if there had been merit in the motion. Cent. of Ga. Rwy. Co. v. Chambers, 197 Ala. 93, 72 So. 351; Ex parte Matthews, 145 Ala. 505, 40 So. 78.

The motion of appellee to dismiss the appeal is sustained.

Appeal dismissed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.