## 2325. SMITH v. THE STATE.

1. Though the provisions of section 680 of the Penal Code, penalizing the act of the cropper in disposing of the crop raised by him for his landlord, are applicable only in a case where the cropper disposes of a portion of the crop in his possession prior to a full settlement with the landlord for his portion of the crop and any advances, nevertheless, where there has been even a partial division, and a portion of the crop is entrusted to the cropper by the landlord under a special bailment created for the landlord's benefit apart from the relationship of the landlord and cropper, if the cropper thereafter converts to his own use, with intent to defraud the landlord, that portion of the crop which in the division he yielded to the landlord, he may be convicted of the offense of larceny after trust.

2. Even though one be a cropper and subject to the penalty of section 680 of the Penal Code, for disposing of a portion of his landlord's crop before division of the crop and full settlement for all advances made, still, where there has been a division and the cropper has consented thereto, and he thereafter converts to his use all or any part of that portion of the crop segregated and set apart to the landlord's use with his consent, he may be guilty of larceny. One entrusted with the possession of such portion of the crop who thereafter applies it to his own use is guilty of the offense of larceny after trust.

3. By an agreed division of the crop the relationship of landlord and cropper ceases to exist as to that portion of the crop which has been divided; and the fact that one who is entrusted with that portion of the crop which has been set apart to the landlord may sustain to the

landlord the relation of cropper as to another portion of the crop, still undivided, does not prevent the creation of a special bailment as to the portion of the crop actually divided in kind and awarded to the landlord as a partial payment.

Indictment for larceny after trust; from Worth superior court—Judge Park. November 15, 1909.

Argued January 12,—Decided February 22, 1910.

*Perry & Foy,* for plaintiff in error.

*W. E. Wooten, solicitor-general,* contra.

RUSSELL, J. The defendant was convicted of the offense of larceny after trust. It is alleged, in the indictment, that he was entrusted by one John Daly with 23 bushels of cottonseed, the property of said Daly, for the purpose of applying the same to the use and benefit of said Daly,· and that he thereafter fraudulently converted said cottonseed to his own use. The evidence in behalf of the State sustained this allegation of the indictment, but the evidence disclosed that the defendant was a cropper of John Daly, and that the cottonseed were disposed of during the existence of that relationship. The defendant moved for a new trial, upon the ground that the verdict was contrary to law and contrary to the evidence; and, his motion for new trial being overruled, he filed the present bill of exceptions. The only question raised by the record is whether, under any construction of the evidence, he could be legally convicted of the offense of larceny after trust.

It is insisted by the learned counsel for the accused that, since it appears that the cottonseed in question belonged to the prosecutor by reason of the fact that he had title to the crop, the offense of larceny could not be committed by the accused, and that if he disposed of a portion of the crop, he was not guilty of larceny after trust, but was guilty, under the terms of section 680 of the Penal Code, of disposing of a portion of the crop without the consent of the landlord. We think the judge of the superior court properly held that the evidence authorized the conviction. It appears, from the evidence, that the portion of the crop which was converted by the cropper to his own use was not a part of the undivided crop, but was a part of the crop which had been segregated and set apart to the landlord, and that thereupon, after the same had been entrusted to the cropper, to be held and used for the benefit of the landlord, the cropper converted it by selling it. This evidence makes a case of larceny after trust, for the reason

that the defendant had obtained possession of the cottonseed by the terms of an agreement by which he was to have the cotton and the seed out of the first bale of cotton, but was to give the landlord the other bale of cotton and all of the seed ginned from the second bale. The seed cotton had been turned over to the prosecutor. The defendant agreed that as soon as the cotton was ginned he would bring the seed to the prosecutor's house and deliver them. The agreement between the parties was a bailment. The evidence shows that the defendant disposed of the crop, not as a cropper, but as a special agent or bailee, in that, having been entrusted with that portion of the crop which had already been divided and awarded to the landlord (and which he agreed to convey and deposit in a certain place for the landlord's use), he thereafter converted it to his own use. It is true that a cropper can not, without the landlord's consent, dispose of part of the crop raised by him for the landlord, until the landlord's part has been delivered to him in full, and until he has paid the landlord for any advances made to him to aid in making the crop; and if there has been no special division of the crop, nor any agency created beyond the scope of his duties as cropper, and he disposes of any portion without the landlord's consent, he would be punishable under the provisions of section 680 of the Penal Code. But where there has been even a partial division, and the landlord puts the cropper in possession of his (the landlord's) part of the crop, for the purpose of disposing of it for the landlord's benefit, and the cropper, after accepting the bailment, fraudulently converts it to his own use, he commits the offense of larceny after trust. It appears in the present case that the landlord agreed for the cropper to have the first bale of cotton and the seed ginned from it. The cropper agreed to this and that the landlord should have the seed from the second bale, and further agreed to a partial settlement and a separation of a certain portion of the crop, which he agreed was to be devoted to the landlord's use. In other words, as to the cottonseed in question, the cropper ceased to be a cropper, so far as the portion of the crop which he had agreed the landlord should take was concerned, and undertook a special bailment as to it. Larceny after trust differs from other forms of larceny in that trespass is not an essential element of that offense. When the cropper converted the cottonseed in question, he was not a cropper as to the cottonseed which (according to the

testimony) he conceded had been separated from the crop as a whole. And when, in violation of the trust (that he was to bring back the seed to the landlord and put them under the landlord's shelter), he converted the cottonseed to his own use by selling them, he became guilty of the offense of larceny after trust. The division of the two bales of cotton altered his relationship of cropper, so far as the cotton and cottonseed involved in that settlement were concerned, and he became an ordinary bailee. As such he was required to obey the instructions of the bailor, and not convert these articles, or any of them, to his own use. An unlawful conversion of the bailment being proved to the satisfaction of the jury, the evidence was sufficient to authorize the verdict of guilty.

*Judgment affirmed.*