# L. & N. R. R. Co. *v.* Perkins.

*Injury to Passenger.*

(Decided May 30, 1911. 56 South. 105.)

1. *Executors and Administrators; Assets; Wrongful Death.*—Under section 2486, Code 1907, the damages recovered do not go to the husband, wife or child of the deceased as such, but become assets of the estate, and must be distributed as personalty of the estate is distributed.

2. *Same; Costs; Attorney's Fees.*—Where the estate had no other asset than the amount recovered in an action brought under section 2486, Code 1907, the personal representative is entitled to his reasonable counsel fees and costs out of the sum recovered by him in such an action.

[L. & N. R. R. Co. v. Perkins.]

3. *Death; Damages.*—The purpose of section 2486, Code 1907, is the preservation of life, regardless of the pecuniary value of the particular life to the next of kin under the distribution statute, and the recovery is measured alone by reference to the quality of the wrongful act or omission, and the defendant's degree of culpability, and hence, the damages recoverable are punitive and exemplary.

4. *Costs; Apportionment; Successful Party.*—The Supreme Court upon appeal, like courts of equity, may tax the costs or any portion thereof, upon the successful parties in the appeal.

5. *Judgments; Set-off Judgment; Costs.*—Where the defendant appeals from a judgment in the lower court and on appeal the Supreme Court reverses the judgment and renders judgment against plaintiff for cost in favor of the defendant, and the plaintiffs fail to pay such judgment, and the defendant pays them under the compulsion of law, the fact that the defendant so pays them does not cancel them, but they subsist as legal, valid judgments absolutely owned by the defendant in its favor against the plaintiff.

6. *Same.*—Where a non-resident administrator of an insolvent estate, himself possessing no assets in this state, recovers judgment for damages in an action for wrongful death of his intestate under section 2486, Code 1907 (which exempts damages so recovered from liability for the debts of the intestate) ; and defendant upon an appeal to the Supreme Court has the judgment reversed with judgment for cost against the plaintiff rendered in his favor, and the plaintiff fails to pay such judgment, and the defendant pays them under compulsion of law, and is liable under the statute for another such judgment, the defendant on motion is entitled to have such three judgments for costs set off against plaintiff's final judgment for damages.   (Sec. 5861, Code 1907.)

APPEAL from Escambia Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Action by W. L. Perkins, as administrator of the estate of Isaac R. Dykes, deceased, against the Louisville & Nashville Railroad Company.   Judgment for plaintiff in the court below, and defendant's motion in that court to set off against plaintiff's final judgment the judgments for costs rendered in its favor against plaintiff · on appeals taken to the Supreme Court during the litigation was denied, and defendant appeals.   Reversed, and order made offsetting and crediting the amounts of defendant's judgments against the plaintiff's final judgment.

See, also, 165 Ala. 471, 51 South. 870.

[L. & N. R. R. Co. v. Perkins.]

M. A. Rabb, for appellant. Section 5861 of the Code provides that judgments can be set off against each other. The three respective judgments sought to be set off were rendered in the same suit as the judgment against which they were sought to be set off, and were properly rendered in favor of the appellant.—*Patterson v. Officer,* 11 Ala. 740; *Griffin v. Smith,* 14 Ala. 571; *Scott v. Jones,* 15 Ala. 566; Sec. 3662, Code 1907. The judgments were de bonis testatoris, and were properly rendered against the administrator in his representative capacity.—*Chandler v. Sheehan,* 7 Ala. 251; *Hutchison v. Gamble,* 12 Ala. 36; *Reynolds v. Carter,* 37 Ala. 446. The judgments were not such debts as were contemplated as exempt by section 2486, Code 1907. The court therefore erred in refusing to grant the motion to set off the judgment.—*Ex parte Lehman-Durr & Co.,* 59 Ala. 631.

Powell & Hamilton, Webb & McAlpine, and Leigh & Leigh, for appellee. The defendant was secondarily liable for the costs of the suit and having paid them, the judgments were discharged, and were no longer subsisting as against either. Hence, it was not such a valid subsisting judgment as could be available as a set off.—23 Cyc. 1480; *Patterson v. Ward,* 76 Ala. 1046. The action was brought under section 2486, and damages recovered are not subject to the payment of the debts or liability of the deceased.—*Griswold v. Griswold,* 111 Ala. 572; *Ex parte Hunt & Tally,* 62 Ala. 1. Where it will impinge upon another right of equal grade, a set off of one judgment against another is never allowed.—*Cleveland v. McCanna,* 41 L. R. A. 852; 23 Cyc. 1479. The damages recovered are in no sense proper assets of the estate for paying any liability thereof. —*Chandler v. Sheehan,* 7 Ala. 251; *Hutchison v. Gamble,* 12 Ala. 36.

DE GRAFFENRIED, J.—Section 2486 of the Code of 1907 provides that "a personal representative may maintain an action and recover such damages as a jury may assess, for the wrongful act, omission or negligence of any person or persons, or corporation, his or their servants, whereby the death of the testator or intestate was caused, * * * and the damages recovered are not subject to the payment of the debts or liabilities of the intestate or testator, but must be distributed according to the statute of distributions."

The damages recovered under the above act do not go to the husband, wife, or child of the deceased as such, *but become assets of the estate,* not subject to the payment of debts, and must be distributed "as personalty of an intestate is now distributed."—*S. & N. R. R. Co. v. Sullivan, Adm'r,* 59 Ala. 272. "We say it goes to the estate of the deceased, for otherwise the limitation 'shall not be subject to the debts of the deceased' would not be necessary. Only property belonging to the estate of decedents is 'subject to the payment of their debts.' "—*S. & N. R. R. Co. v. Sullivan, supra.*

"The *estate* consisted for the most part of damages recovered by A. L. Griswold, as administrator of said Charles, for the wrongful act or omission of a third party resulting in his death. These damages were assets only for the purpose of distribution. They were not subject to the payment of debts or liabilities of the decedent, and were to be distributed according to the statutes of distribution of force at the time the claim for damages accrued."—*Griswold v. Griswold,* 111 Ala. 572, 20 South. 437.

The damages recoverable under the above section are punitive and exemplary—"punitive of the act done, and intended by their imposition to stand as an example to deter others from the commission of mortal

wrongs, or to incite to diligence in the avoidance of fatal casualties. The purpose being the preservation of human life, regardless of the *pecuniary value* of a particular life to the next of kin under statutes of distribution, the admeasurement of the recovery must be by reference to the quality of the wrongful act or omission, the degree of culpability indicated in the doing of the act, or in the omission to act as required by the dictates of care and prudence, and without any reference to or consideration of the loss or injury the act may occasion the living."—*L. & N. R. R. Co. v. Tegnor,* 125 Ala. 593, 28 South. 510; *A. G. S. R. R. Co. v. Burgess,* 116 Ala. 509, 22 South. 913; *Railroad Co. v. Freeman,* 97 Ala. 296, 11 South. 800. Only the personal representative can sue for damages under the statute.—*Railroad Co. v. Sullivan,* 59 Ala. 272; *Lovell v. De Bardelaben,* 90 Ala. 13, 7 South. 756. Damages under this section are such as the jury may deem just, and the purpose of the enactment of the statute was to prevent homicides.— *S. & M. R. Co. v. Shearer,* 58 Ala. 672; *S. & N. R. R. Co. v. Sullivan,* 59 Ala. 272; *E. T. V. & G. R. Co. v. King,* 81 Ala. 177, 2 South. 152; *Buckalew v. T. C. I. & R. Co.,* 112 Ala. 146, 20 South. 606; *Freeman's Case,* 97 Ala. 289, 11 South. 800.

As the personal representative of the deceased *only* can sue for the damages recoverable under the act, and as it is an act which was adopted by the state as a part of its public policy in the prevention of homicides, it was, manifestly, not the purpose of the Legislature to require the personal representative to bear the expenses incident to a suit brought for the recovery of damages under the statute out of his personal funds. While the statute exempts the recovery from the payment of the debts of the decedent and directs that it shall be distributed according to the statute of distribution, it does

not exempt it from administration as in the case of exemptions allowed the widow and minor children out of the estate of a deceased person. When this act was passed by the Legislature, its members knew that they were providing a remedy for 'the prevention of homicides" applicable to all persons, those possessing estates and those without property, and to hold that the party named in the act, "the personal representative of the deceased," must, out of his own funds, if the deceased left no estate, bear the burden and expenses of a suit to enforce the penalty recoverable under and by virtue of the act, would be to so burden the act and so narrow it as to defeat the purposes for which it was called into existence.

"The costs, fees, and expenses attending a litigation for the benefit of particular heirs, legatees, next of kin, or other persons, should be allowed, if at all, as against their own particular funds or interests, proportionately or wholly, as the case may be, rather than out of the general estate."—18 Cyc. p. 280 (c), and authorities cited.

"The costs and expenses of litigation respecting a particular fund in the hands of an executor, between the specific legatee, the residuary legatee, and the heir at law, and also the commissions of the executor for receiving and disbursing the money, are properly payable out of the fund, and not out of the estate generally."— *Johnson v. Holifield,* 82 Ala. 123, 2 South. 853.

It is therefore apparent that, certainly in cases where the estate of the deceased has no other assets, the personal representative is entitled to his reasonable counsel fees and costs out of the sum recovered by him in a suit brought under and by virtue of the statute, and which were incurred by him in said suit. There is no contention that the costs hereinafter referred to were improperly incurred.

The facts are that the plaintiff, W. L. Perkins as administrator of the estate of Isaac R. Dykes, brought a suit against the defendant, the Louisville & Nashville Railroad Company, on September 1, 1905, under the above section of the Code, for damages, for causing the death of plaintiff's intestate. Upon the trial of the case, there was a verdict for the plaintiff and a judgment thereon, and the defendant appealed the case to the Supreme Court. The Supreme Court reversed and remanded the cause and entered up a judgment for the costs of the appeal against the plaintiff. The case was again tried, with a verdict for the plaintiff and judgment thereon, and the case was again appealed to the Supreme Court. The case was again reversed and remanded, and another judgment was rendered against the plaintiff for the costs of the appeal. The case was again tried, with a verdict for the plaintiff and a judgment thereon. The case was again appealed by the defendant to the Supreme Court, the judgment was again reversed, and another judgment for the costs of appeal rendered against the plaintiff. The case was again tried and a verdict was rendered in favor of the plaintiff, and from this judgment no appeal was taken and the last judgment stands as a valid subsisting judgment against the defendant.

The plaintiff is a nonresident, the estate of which he is the administrator is insolvent, and he possesses no property in Alabama. He failed to pay either of the above judgments for costs, the defendant paid the first two, and the other remains unpaid, and will have to be paid by the defendant unless it finds a remedy and relief in this proceeding. Such being the situation of the parties, the defendant filed a motion in the court in which the judgment in favor of the plaintiff against it was rendered, praying that the three judgments for

[L. & N. R. R. Co. v. Perkins.]

costs be offset against the plaintiff's judgment and that they be applied as credits in defendant's favor thereon. The court denied the motion, and the defendant appeals.

Section 5861 of the Code provides that judgments may be set off against each other by motion. While the Supreme Court, like courts of equity, may, in proper cases, tax the costs of the appeal or any portion of the same, upon the party successful in the appeal, in the present instance all of the costs of each appeal were taxed against the plaintiff.

The judgments of the Supreme Court were, in reality, judgments of the defendant against the plaintiff, for the use of the parties in whose favor the various items of costs were taxed. Having paid two of the judgments, the defendant is the absolute owner of them, and the one remaining unpaid was its judgment for the use of the parties entitled to the costs. The fact that defendant, under the compulsion of law, paid two of the judgments does not cancel them, and they still subsist as legal, valid judgments in favor of the defendant against the plaintiff. The proposition was expressly determined by the Supreme Court in the case of *Montgomery v. Montgomery,* 20 Ala. 350, in which the following language is used: "The plaintiff in the execution, therefore, becomes immediately liable for all the costs created by him upon a return of his execution against the defendant 'no property,' and execution against him may be had to enforce this liability. Being then liable, his payment only extinguishes this liability, but does not in any manner affect his rights against the defendant. They remain the same, and an alias execution may be issued to enforce them."

It is therefore evident that if the plaintiff had paid the three judgments rendered by the Supreme  Court against him as administrator of his intestate, he would

be allowed, upon a settlement with the distributees of the estate, a credit for the amount so paid by him out of the sum recovered by him against the defendant. It is also evident that the defendant has three valid subsisting judgments of the Supreme Court in its favor against the plaintiff as such administrator, not upon any indebtedness of his intestate, but for costs, adjudicated to it, in the litigation which has finally resulted in the judgment against the defendant. "The courts have power to order the set-off of mutual judgments when equity and justice will be promoted thereby, thus extinguishing both judgments, if they are equal in amount, or, if they are unequal satisfying the smaller judgment in full and the larger pro tanto."—23 Cyc. p. 1748 (e).

"A judgment for costs only may be set off against a judgment recovered by the adverse party, provided the costs are liquidated or taxed at the time, and that they belong to the party seeking the set-off, and that he appears in the same capacity in the two judgments and that the debts are mutual."—23 Cyc. pp. 1482, 1483, and authorities cited.

There is nothing in the contention of the plaintiff that his judgment should be regarded by the law as exempt to the distributees of the intestate simply because the statute exempts it from the payment of the intestate's debts. Even if so held, it could not be protected from the defendant's right to set-off as shown under the facts of this case. The judgments which the defendant offers to set off were recovered as the defendant's costs in the identical litigation which finally resulted in plaintiff's judgment against the defendant. Costs partake of the character of the suit in which they are incurred.—*Crawford v. Slaton,* 133 Ala. 393, 31 South. 940.

[Alabama Great Southern Ry. Co. v. Arrington.]

In the above opinion, we have confined ourselves to the issues presented by the facts and the pleadings contained in the record. We intimate no opinion as to whether damages recovered under the "Homicide Act" above quoted are not subject to all costs of administration in cases where the intestate left no estate. That question is not before us, and we express no opinion upon it.

As the defendant, under the mandates of our statutes, paid two of the judgments for costs rendered in its favor by the Supreme Court, and is, by virtue of our statutes, liable to pay the other judgment which it offers to set off, we are of the opinion, for the reasons above expressed, that it is entitled to have the amount of the said three judgments credited upon the judgment which the plaintiff holds against it. We are therefore of the opinion that the court below erred in refusing to grant the motion of appellant to offset the said judgments against the judgment of appellee.

This case is reversed, and an order is here made offsetting the said three judgments against the judgment of appellee and crediting the amount of said judgments on the judgment of appellee.

Reversed and rendered.