8672

### EX PARTE FRIERSON.

1. GUARDIAN—PROBATE COURT.—Pending applications for administration the probate court may appoint as general guardian of the minor children of deceased under fourteen one applicant for administration on petition of mother with whom children reside without notice to other applicant.

2. ADMINISTRATION.—THE PROBATE COURT may appoint as administrator of a deceased husband, killed by a roilroad company, one not related, who is guardian of the minor children and is the choice of the widow who has renounced in his favor, in preference to the half brother and brother of deceased.

Before GARY, J., Lee, March, 1913.   Affirmed.

Petition by S. W. Frierson for administration on the estate of L. V. Brown.   The order of the probate court is:

"On reading the several petitions and hearing argument by the attorneys pro and con, it is hereby ordered that S. W. Frierson be, and is hereby, appointed as administrator of the estate of the said L. V. Brown, deceased, and that he be authorized and empowered to settle the affairs of the above estate."

The Circuit order on appeal from probate court is:

"This matter comes on to be heard by me on appeal from the court of probate.   I heard said appeal in open Court at Bishopville, but reserved my decision until this date. After hearing argument pro and con, and after carefully considering the ground of said appeal, I am convinced that the order of the judge of probate in appointing S. W. Frierson, guardian, who is guardian of the infant children of the deceased, as administrator of the estate of L. V. Brown, should be sustained.

"I find that the judge of probate followed the order laid down in the statute and that he committed no error in appointing the said S. W. Frierson, who I find was the

guardian and legal representative of the infant children of the said L. V. Brown, as administrator of the said estate.

"The appeal is therefore overruled and the action of the probate court affirmed. Let a copy of this order be certified to the court of probate for Lee county."

From this order J. Ellerbe Brown and George O. Brown appealed.

*Messrs. A. B. Stuckey, D. W. Robinson* and *Marion W. Seabrook,* for appellants, cite: *Parties entitled to administration:* Rice 287; 2 Strob. 335; 2 Hill 347; 69 S. C. 45; 28 S. C. 283; Croswell on Exrs. 54, 71, 92, 121. *Meaning of legal representative:* 129 Mass. 504; 118 Mass. 200; 71 Ill. 92; 53 Conn. 291; 61 Am. St. R. 629; 110 Ill. 559; 5 Words and Phrases 4070, 4071, 4073, 4075, 4076, 4077; 11 S. C. 560; 3 Rich. Eq. 156; 9 Rich. Eq. 11. *Two citations not necessary:* 69 S. C. 46.

*Messrs. L. D. Jennings, T. G. McLeod* and *R. D. Epps,* contra. *Messrs. Jennings* and *Epps* cite: *Meaning of legal representative:* 25 Cyc. 175; 15 S. E. 670; 11 Pick. 173. *Guardian of infant entitled before brother of deceased:* 143 Cal. 438; 54 At. 480; 81 N. E 107; 67 S. E. 202; 14 Fed. 390; 3 How. Pr. 58.

October 21, 1913. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This is an appeal from an order of John M. Smith, probate judge for Lee county, appointing S. W. Frierson as administrator of the estate of L. V. Brown, deceased. The appeal from this order was heard by his Honor, Ernest Gary, at Bishopville, and his Honor overruled the appeal and affirmed order of probate court. The record discloses that L. V. Brown was killed by a train of cars at Lynchburg, November 15th, 1912. That he died

intestate, leaving a widow, Hattie P. Brown, and three
small children, aged six, four and two, respectively. That
he left a small personal estate of the value approximately
of five hundred dollars. That it will be necessary for
administrator to bring suit against railroad for alleged
wrongful killing. The record shows that Mrs. Brown, the
widow, applied for letters of administration on November
20, 1912, and citation duly issued returnable on December 5,
1912. That on November 25, she withdrew this petition,
or attempted to do so, by filing another petition, asking that
S. W. Frierson be appointed administrator, and at the same
time Frierson applied for letters of administration. Upon
these two petitions a citation was issued returnable on
December 10, 1912, at 11 o'clock a. m. Upon this day a
petition was presented by the brothers, one J. E. Brown was
the oldest half brother of the deceased, and George O.
Brown, the only brother of the deceased of the whole blood,
asking for their appointment as administrators of the
deceased's estate, and protesting against the appointment of
Frierson. The widow and her children are the sole heirs
and distributees of the estate of the deceased and sole
beneficiaries, under the statute against the railroad, known
as the "Lord Campbell's Act," and amendment thereto.

Upon proper petition the probate court, on December 10,
1912, duly appointed S. W. Frierson the general guardian
of the minor children of the deceased, L. V. Brown, and
his widow, and this petition was made by Hattie P. Brown,
with whom the children lived, she being their mother.
When the hearing was had for the appointment of the
administrator of the estate the probate court appointed
Frierson administrator (the widow asked this), in prefer-
ence to the brother and half-brother.

The order of the probate court and Circuit Court should
be set out in the report of the case.

From order of Circuit Court, J. Ellerbe Brown and
George O. Brown appeal and seek to reverse the same.

The appellants by their exceptions present the question as to who is the proper person entitled to administer under the statute, and contend further that Frierson's appointment as guardian of the minors was illegal, null and void, and done for the purpose of circumventing the provisions of the statute law of the State, and done secretly and surreptitiously, after the time set forth for the hearing of the cause, without their knowledge or consent.

The record shows that the children were minors, living with their mother, under the age of fourteen years, and upon a proper petition presented to proper authority, Frierson was adjudged by a Court of competent jurisdiction a fit and proper person to be appointed guardian of the minor children, that he was duly appointed and qualified as guardian of the children, and thereby became their legal representative. That the proceedings appointing him as guardian have not been appealed from, or in any manner attacked by any direct proceedings against him to set them aside. There is no question but the probate court for Lee county had jurisdiction to make the appointment, and having done so the appointment cannot be attacked collaterally.

Section 3605 of the Code of Laws, 1912, prescribes the order in which persons are entitled to letters of administration. First comes the husband and wife of the deceased with proviso as to power to revoke, etc. The second is as follows: "If there be no husband or wife of the deceased, or if they do not apply, then to the child or children, or their legal representative." We think that this expression is broad enough to sustain the order appealed from. The widow applied for letters and withdrew her application and asked that Frierson be appointed, the children were minors, and Frierson was their guardian, duly appointed, qualified and commissioned as such, and thereby became their legal representative, and entitled to administer in preference to class 3 or class 4, in

which last class the full brother would have been entitled to the letters of administration.    In 25 Cyc. 175, the term "legal representative" is defined: One who lawfully represents another in any matter whatever; one who legally and lawfully represents another in any matter or thing of whatever nature or character it may be; any person, natural or artificial, who, by operation of law, stands in the place of, and represents the interests of another; any person or corporation having a beneficial interest in property, real or personal; one who takes under the statute of distribution, sometimes the term is used as synonymous with "representative," "lawful representative" or "personal representative."

This view is sustained by decisions of other States. *McLean* v. *Bedford,* 89 Ga. 793, 15 S. E. 670; *Johnson* v. *Ames,* 11 Pick. (Mass.) 173; *In re Weeks' Estate,* 81 N. E. 107; *Mattox* v. *Embry,* 67 S. E. 202.

The exceptions are overruled.

Judgment affirmed.