188 So.2d 555

**BOARD OF TRUSTEES OF the UNIVERSITY OF ALABAMA, d/b/a University Hospital**

v.

**Rena Bell HARRELL, Admx.**

**6 Div. 39.**

Court of Appeals of Alabama.

Dec. 21, 1965.

Rehearing Denied Jan. 18, 1966.

M. R. Nachman, Jr.; Steiner, Crum & Baker, Montgomery, Manly & Manly, Birmingham, for appellant.

Bryan Chancey, Birmingham, for appellee.

PRICE, Presiding Judge.

The question to be decided is whether the statutory hospital lien, Title 33, Section 83 et seq., 1940 Code, attaches to a judgment for damages recovered under the Homicide Act, Title 7, Section 123, Code. We hold that it does not.

The pertinent facts which are reflected by the meager record before us are as follows: Rena Bell Harrell, administratrix of George Mason Harrell, deceased, brought a wrongful death action against Southern Railway Co. & Central of Georgia Railway Company. Judgment by consent was entered in favor of the plaintiff for $1000.00 and costs. Thereafter, the defendants paid $1000.00, plus costs into the office of the circuit clerk. $500.00 of this sum was paid as an attorney's fee to the attorney for the administratrix, leaving a balance of $500.00. Thereupon, the appellant hospital filed its lien under Sections 83 et seq. of Title 33, Code, supra, claiming the sum of $4,335.85 for hospital care, treatment and mainte-

nance necessitated by the injuries received by George Mason Harrell resulting in his death. The minute entry reads: "The Court is of the opinion that damages recorded (sic) by suit filed under the wrongful death statute are not subject to the payment of debts of the intestate. The court determines that the Petitioner has no lien on said funds under the Hospital Lien Statute, Sec. 83, of Title 33, Alabama Code, and accordingly denies the petition of the Board of Trustees of the University Hospital, doing business as University Hospital."

Section 83, Title 33, Code, reads:

"Any person, firm, hospital authority, or corporation operating a hospital in this state shall have a lien for all reasonable charges for hospital care, treatment and maintenance of an injured person who entered such hospital within one week after receiving such injuries, upon any and all causes of action, suits, claims, counterclaims, and demands accruing to the person to whom such care, treatment, or maintenance was furnished, or accruing to the legal representatives of such person, and upon all judgments, settlements and settlement agreements entered into by virtue thereof on account of injuries giving rise to such causes of action, suits, claims, counterclaims, demands, judgments, settlements, or settlement agreements and which necessitated such hospital care, subject, however, to any attorney's lien."

Section 123, Title 7, Code supra, provides that the damages recovered for wrongful death, "are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions."

■ The damages under this statute are punitive, not actual or compensatory. Kuykendall v. Edmondson, 205 Ala. 265, 87 So. 882; Airheart v. Green, 267 Ala. 689, 104 So.2d 687; Hardin v. Sellers, 270 Ala. 156, 117 So.2d 383. Pecuniary loss, such as medical expenses attending the injury, and mental suffering, are not to be considered as

elements of damage. Alabama Power Co. v. Irwin, 260 Ala. 673, 72 So.2d 300; Buckalew v. Tennessee Coal, Iron & R. R. Co., 112 Ala. 146, 20 So. 606; Holt v. Stollenwerck, 174 Ala. 213, 56 So. 912; Hardin v. Sellers, supra.

■ The wrongful death statute "does not allow the damages to be paid by the administrator on last illness, or funeral expenses of the deceased. The law does not allow the administrator to erect a monument over the grave of the deceased out of the damages. The law does not allow the administrator, out of the damages, to pay any creditor of the deceased" Kuykendall v. Edmondson, supra.

The question here has not been previously presented to our reviewing courts, and our attention has not been directed to a case in point in any other jurisdiction.

The wrongful death statutes of the several states are collected under General Note on Statutes, p. 366, McCormack on Damages. Many of them specifically authorize the recovery of medical and funeral expenses in death actions. Massachusetts and Alabama are the only states whose wrongful death statutes have been interpreted to allow recovery of punitive damages only. There is no provision in the Massachusetts statute to the effect that the damages recovered shall not be subject to debts of decedent, furthermore, Section 6A of Chapter 229, Annotated Laws of Massachusetts, pocket part, reads:

"All sums recovered * * * shall, if and to the extent that the assets of the estate of the deceased shall be insufficient to satisfy the same, be subject to the charges of administration and funeral expenses of said estate, to all medical and hospital expenses necessitated by the injury which caused the death, * * *."

See 16 Am.Jur. Death, Sec. 192 p. 129, for statement of the general rule as to recovery of medical expense as an element of damages in wrongful death actions. See also Section 102, McCormack on Damages, p. 355.

It is argued in appellant's brief that the hospital lien statute refers to, "legal representatives" of the injured person to whom causes of action, suits, claims, etc., "accrued." "Clearly, therefore, the statute contemplates that the injured person—treated in the fashion described in the statute— may die from his injuries, and that the cause of action, which may later be reduced to judgment, will accrue in favor of the legal representative—precisely the context of this case."

In a wrongful death action the personal representative is only the nominal or formal party. He sues as statutory trustee for the benefit of the designated beneficiaries, who are the real parties in interest. The claim was never owned by decedent and the cause of action is not an asset of decedent's estate, Ivey v. Wiggins, 276 Ala. 106, 159 So.2d 618. The proceeds of a recovery in such action are held by the administrator as a special trust fund for the statutory distributees. Hicks v. Barrett, 40 Ala. 291; Fischer v. Pope, 229 Ala. 170, 155 So. 579; Ivey v. Wiggins, supra, Holt v. Stollenwerck, supra.

"Legal representative" has been construed to have varied meanings. "The term is not always used in its technical sense, nor always with reference to the estate of a decedent; it may be used not to refer to executors or administrators. It is not necessarily restricted to personal representatives of one deceased, but is sufficiently broad to cover every person who, with respect to his property, stands in his place and represents his interests, whether transferred to him by his act or by operation of law." 52 C.J.S. Legal p. 1040.

In Re Brown's Estate, 96 S.C. 34, 79 S.E. 791, the court, defining "legal representative" as one who lawfully represents another in any manner whatever; any person who by operation of law stands in the place of and represents the interest of another, held that the guardian of minor children was embraced within that term.

In State v. Bay Towing & Dredging Company, 265 Ala. 282, 90 So.2d 743, Justice Goodwyn said:

"In Alabama, the law governing implied repeals is well-settled and the cases on this point are singularly consistent. See 18 Ala.Dig., Statutes, ☞159 & 160. A concise statement of the rule is contained in City of Birmingham v. Southern Express Co., 164 Ala. 529, 538, 51 So. 159, 162:

" 'Repeal by implication is not favored. It is only when two laws are so repugnant to or in conflict with each other that it must be presumed that the Legislature intended that the latter should repeal the former. * * *' "

In Mills v. Court of Com'rs of Conecuh County, 204 Ala. 40, 85 So. 564, the court said, " * * * if the two statutes may be reasonably construed, so as to leave a field of operation for both, this construction should be given."

We are of the opinion that if the legislature had intended to repeal or amend that portion of the wrongful death statute which exempts damages thereunder from the payment of a decedent's debts it would have done so in clear and unequivocal terms.

We are further of opinion that both statutes have a reasonable field of operation, not repugnant to each other. Section 123 of Title 7, applies in cases where the injured person dies as the result of his injuries. The provision in the hospital lien statute pertaining to "legal representatives" can be reasonably construed to apply in cases where the injured person survives but because of his minority or incompetency the action is brought by his guardian or other "legal representative."

We are not here passing upon any broad aspect of the Hospital Lien Act.

Having reached the above conclusion, we forego a consideration of other questions argued in appellant's brief.

The judgment is affirmed.

Affirmed.