MOORE, Judge,
dissenting.
I respectfully dissent.
The main opinion affirms the judgment awarding Elizabeth McElroy an administrator’s fee of nine percent of the proceeds received in a wrongful-death action on the theory that she provided an “extraordinary service” within the meaning of § 43-2-848(b), Ala.Code 1975. First, I do not view an administrator’s hiring of an attorney to prosecute a wrongful-death action, the monitoring of that attorney’s actions, and the paying of that attorney as constituting “extraordinary services” because personal administrators routinely perform such services consistent with their duties as a proper plaintiff under § 6-5-410(a), Ala.Code 1975. Second, and most cogently, I read § 43-2-848(b) as allowing for increased compensation to an administrator only when the administrator performs “extraordinary services ... for the estate.” (Emphasis added.) As Samuel Rodgers argues correctly in his brief to this court, an administrator whose services result in the recovery of wrongful-death proceeds does not do so for the benefit of the decedent’s estate, but for the heirs and next of kin of the decedent. See Affinity Hosp., L.L.C. v. Williford, 21 So.3d 712, 715-16 (Ala.2009); and Board of Trustees v. Harrell, 43 Ala.App. 258, 260, 188 So.2d 555 (1965). Hence, by indirectly recovering wrongful-death proceeds, McElroy did not provide any services to the estate of Ron’Drequez Cortez White, much less “extraordinary services” within the meaning of § 43-2-848(b), which would have entitled her to compensation under that statute.
*1038 Based on the holding in Louisville & Nashville R.R. v. Perkins, 1 Ala.App. 376, 379, 56 So. 105 (1911), MeElroy could have recovered a percentage of the wrongful-death proceeds for her efforts in obtaining those proceeds; however, from the record, it appears MeElroy did not act as co-counsel or otherwise arrange contractually for a referral or for other attorney fees to compensate her for any actions she took in obtaining the wrongful-death proceeds. Instead, MeElroy sought a fee from the proceeds in a post hoc fashion on the theory that, as an administrator of White’s estate, she was entitled to such a fee. In awarding the fee, the Jefferson Circuit Court (“the trial court”), in effect, taxed White’s heirs with an additional nine percent contingency fee to which they never consented, either personally or through MeElroy. In that respect, the trial court erred to reversal. Therefore, I would reverse the judgment and instruct the trial court to vacate its fee award to MeElroy.