## MONTGOMERY *vs.* MONTGOMERY.

1. When an execution against the unsuccessful party in the Appellate Court is returned "no property found," and execution thereupon issued against the successful party, for the costs occasioned by himself, as provided by the statute (Clay's Digest, 310, § 25), and returned "satisfied," an *alias* execution may be subsequently issued against the unsuccessful party.

MOTION to set aside a judgment rendered on a previous day of the term, quashing an execution for costs, which had issued from the Appellate Court. The facts upon which the motion was based, appear in the opinion.

JOHN A. ELMORE, for the motion.

1. Costs were not given at common law *eo nomine*, but were in fact *always included in the quantum of damages*, in actions where damages were given, or entered on the roll, as increase of damages, by the court. Bacon's Ab. tit. Costs, A, note a, 484; 3 Bl. Com. 399; Gilbert's Hist. C. P. 266.

And after the statutes in England giving costs, the jury taxed them in their verdict, separately from the damages; and when too little, the court, on motion, increased them, by ordering the officer to tax them. Bacon's Ab. Costs, L, 539–540.

And costs were deemed at common law, and after the statutes on that subject, as damages. Bacon's Ab. 540.

The practice in England now is, for the costs to be taxed by the officer of the court. Bacon's Ab. 545.

And no costs are allowed for a witness who has not been

paid before the claim is made. Bacon's Ab. 541; 3 Brod. & Bing. 292.

The plaintiff sues out or purchases, by paying the stated fees, the original writ. 3 Bl. Com. 273–274.

And at every stage of the proceedings, where any process is required by him, he in like manner pays for it, as for the original; and this was the practice at common law, before any statutes were passed in relation to costs.

It would seem, then, that at common law, and since the passage of the statutes, a party was not entitled to costs, *unless he had paid them.*

2. The practice in this state is different: and no costs can be collected until the end of the suit, except in particular cases.

If a plaintiff pays his witnesses, or all the costs he may incur, before the determination of the suit, such costs may be taxed and collected by execution, from the defendant, if the plaintiff obtains his judgment. The costs of the cause are collectable from the unsuccessful party, by execution. Clay's Dig. §.10, 238; Clay's Dig. § 12, 601.

The successful party has the right to an execution to collect the costs. The payment by him of these costs, before the right to the execution has accrued, does not divest him of this right. The payment by him of these costs, after the right to issue the execution has accrued, cannot affect his right to collect these costs, any more than the payment made before; and the payment on the execution makes no difference.

If it had been intended that such a payment by the successful party should be a satisfaction of his judgment, the law makers would have so said.

The demands or judgments are distinct, not one and the same. The one judgment is in the name of Jane Montgomery, who sues by her next friend, against R. B. Montgomery, and others; and until this judgment is paid, there can be no satisfaction. There would be more plausibility in the argument of the opposite counsel, if the statute authorized an execution to be issued at once against either party; but on one state of facts a judgment and execution are given against the unsuccessful party; and on this and a superadded state

of facts, a *quasi* judgment is given, and for a different amount, against the successful party, and an execution is given against him. It is not the same judgment, because the parties are different.

It is strange that the plaintiff, by paying this demand, loses rights which he would have retained, if he had not paid; in other words, that the plaintiff, if insolvent, could run his execution against the defendant, but being solvent, and paying, he forfeits the right; for it is a forfeiture, in effect, if turned round to his suit.

THOMAS J. JUDGE, *contra.*

1. The statute of 1827 (Clay's Dig. 310, § 25), authorized an execution to issue against the plaintiffs, for the costs created by them, on a return of "no property found" against the defendants for the costs; this having been done, and the plaintiffs having paid the same, it operates as a satisfaction, *pro tanto*, of the judgment against the defendants; and to the extent of such satisfaction, no further or other execution can be issued against defendants.

2. In this case, the entire amount of the costs of this court was created by the plaintiffs; after a return of "no property found" against the defendants, an execution was issued against the plaintiffs, for the entire costs, which was returned *satisfied;* and which operated as a complete and full satisfaction of the judgment against the defendants.

3. But it is asked, "How can the payment of a debt of defendants, for which plaintiffs are bound, operate as a satisfaction in favor of defendants?" We answer; "the debt is not thereby satisfied, *but the remedy, only, for the collection, is changed;* you cannot now run an execution on a *satisfied judgment*, for your benefit: your remedy is, to sue at law for its collection; for from a debt *to the clerk*, it has become *a debt to you*, by your payment of it for us; and it must be collected as other debts are." Morrison, Givhan, *et al.* v. Marvin, 6 Ala. Rep. 797.

DARGAN, C. J.—Jane Montgomery, by her next friend, sued out a writ of error against Robert B. Montgomery, returnable to this court, to reverse a decree rendered by the

Court of Chancery of Lowndes. The decree was reversed, and she was adjudged to recover her cost, accruing in this court. Upon this judgment for cost, an execution was issued against Robert B. Montgomery, the defendant in error, which was returned by the sheriff, " no property found." After this return, an execution was issued against the plaintiff in error, under the statute in such cases provided, and the costs were paid by her next friend. After this payment, the plaintiff in error applied for and obtained an *alias* execution against Robbert B. Montgomery; and on a previous day of this term he moved to quash the execution, and to have the judgment for cost satisfied, on account of the payment so made by the plaintiff in error. The motion, not being resisted at the time, was granted, and the plaintiff now moves the court to set aside the judgment quashing the execution, and to discharge the motion previously made.

It is scarcely necessary to inquire, how costs were recoverable, if at all, at common law. They are expressly given by our statute to the successful party, and are taxed by the clerk, who issues the execution for their collection ; and when the execution is returned, " no property," then an execution is directed to be issued against the plaintiff in the original execution, for all the cost created by him in obtaining the judgment. Clay's Dig. 316. The plaintiff in the execution, therefore, becomes immediately liable for all the cost created by him, upon a return of his execution against the defendant, "no property;" and execution may go against him to enforce this liability. Being then liable, his payment only extinguishes this liability, but does not in any manner affect his rights against the defendant. They remain the same, and an *alias* execution may be issued to enforce them.

We all concur in setting aside the judgment heretofore rendered, and in discharging the motion to quash the execution issued in favor of the plaintiff in error against the defendant.