(105 So. 651)

### LOUISVILLE & N. R. CO. v. ECHOLS.
(8 Div. 784.)

(Supreme Court of Alabama.    Oct. 15, 1925.)

1. Appeal and error ⬿82(1)—Order overruling motion to set off judgment not subject to appeal.

Order overruling motion under Code 1907, § 5861, to set off judgment *held* not to support an appeal.

2. Judgment ⬿883(6)—Judgment for costs in former trial not subject to set-off against judgment later obtained by minor daughter of deceased claimant.

Where defendant railroad company had judgment for costs on successful appeals, reversing judgment for employee, recovery by minor daughter of employee, suing by administrator under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), was not subject to set-off of railroad company's judgment against employee.

3. Executors and administrators ⬿51—Estate has no claim on amount recovered by administrator for sole benefit of deceased's minor daughter.

Estate of deceased claimant has no claim on amount recovered against railroad company by administrator for sole benefit of minor daughter of deceased claimant, under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665).

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Motion of the Louisville & Nashville Railroad Company to set off a judgment against a judgment against it in favor of James L. Echols, as administrator of John Gray, deceased. From an order or judgment overruling the motion, movant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Appeal dismissed.

The motion shows that John Gray instituted suit against the Louisville & Nashville Railroad Company which, during the life of Gray, was prosecuted in his name, and since his death has been prosecuted in the name of Echols, as administrator; that said case has been tried five times in the lower court (the first three trials in the name of Gray; the latter two in the name of appellee), resulting the first time in a mistrial, and the next four times in judgments for plaintiff; that from the second, third, and fourth trials, respectively, defendant appealed, executing on each appeal a supersedeas bond; that each of said appeals resulted in a reversal by the Supreme Court; that following each reversal an execution was issued against the plaintiff, and in each case returned "no property found"; and that in each case the defendant was required to pay the costs of the trial and of appeal. It is averred that such costs are properly chargeable against the plaintiff, and that the judgment returned against the defendant on the last trial should be reduced by the amount of costs so paid by the defendant.

It appears that on the last trial the plaintiff sued as administrator for the sole benefit of Sadie Gray, minor child of John Gray, deceased.

Eyster & Eyster, of Albany, for appellant.

It is not essential that the party bringing suit in the second action be the same as the party against whom the former judgment

was rendered, the beneficial interests being the same. Troxell v. D., L. & W. (D. C.) 205 F. 830; M., K. & T. v. Wulf, 226 U. S. 570, 33 S. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134; B. R., L. & P. Co. v. Jung, 161 Ala. 461, 49 So. 434, 18 Ann. Cas. 557; 18 R. C. L. 837. The judgment here should be set off. L. & N. v. Perkins, 1 Ala. App. 375, 56 So. 105.

S. A. Lynne, of Decatur, for appellee.

There can be no set-off, unless the costs were taxed against the plaintiff in whose favor judgment was rendered. 23 Cyc. 1482; Taylor v. Taylor, 232 U. S. 363, 34 S. Ct. 350, 58 L. Ed. 638; Allen v. Napier, etc., 144 Ga. 38, 85 S. E. 1013; Erwin v. Branch Bank, 14 Ala. 307. This judgment is not appealable. Barbour v. National Exchange Bank, 50 Ohio St. 90, 33 N. E. 542, 20 L. R. A. 192; 77 Md. 125, 26 A. 357, 20 L. R. A. 92.

ANDERSON, C. J. The appellant made a motion in the circuit court under section 5861 of the Code of 1907, which provides:

"Judgments may be set off against each other by a court of record on motion."

The motion was overruled without more in the way of a judgment.

[1] In the case of Ex parte Lehman, Durr & Co., 59 Ala. 631, this question was involved, and the statute was there considered, and the court issued the rule nisi and awarded a mandamus instructing the trial court to vacate the order disallowing the set-off, thus in effect holding that such an order would not support an appeal, for the reason that mandamus was not available if the petitioner had the right of appeal from said order. This said case involved the statute in question, and was so decided over 40 years ago, and it has not been questioned by subsequent decisions or statutes, and we must therefore dismiss the present appeal. See, also, Ex parte Hunt, 62 Ala. 1.

True, the Court of Appeals treated such an order as appealable in the case of L. & N. R. R. Co. v. Perkins, 1 Ala. App. 377, 56 So. 105, but the propriety of the appeal seems to have not been raised and considered, and said court seems to have overlooked the Lehman, Durr & Co. Case, supra.

[2] It is sufficient to say, however, that we do not regard the cost paid out by appellant, and which was incurred by John Gray before his death and while prosecuting the action for his own benefit, as such a judgment against the present appellee as to fall within the influence of the above-quoted statute. She was no party to or interested in the suit prior to the death of John Gray or until the amendment and revival of the action for her benefit. Nor has the estate of Gray any right in or claim upon the amount recovered by the administrator for the sole benefit of the minor daughter, Sadie Gray, under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665.

The appeal is dismissed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.