155 So. 87

## HAMRICK v. TOWN OF ALBERTVILLE.

### 8 Div. 404.

Supreme Court of Alabama.
April 12, 1934.

Rehearing Denied May 31, 1934.

Claud D. Scruggs, of Guntersville, and E. O. McCord, of Gadsden, for appellant.

Thos. E. Orr, of Albertville, and Street & Bradford, of Guntersville, for appellee.

THOMAS, Justice.

The submission was upon motions and the merits.

The judgment was of date of February 19, 1932, motion for a new trial overruled on March 4th thereafter, appeal taken March 30th, citation, and certificate of appeal given and filed in this court April 25, 1932. The bill of exceptions was signed by the trial judge on May 31st, and filed in the circuit court on September 20, 1932. The clerk of the circuit court certified to this court that the making of the voluminous transcript was delayed, due to the short time since that document was filed, and "due to holding of term of court at Albertville and at Guntersville"; and that it was "absolutely impossible for me (him) up to this time (May 11th, 1933) to get the record completed * * * for the call for this Division at the May call." The certificate of appeal of date of April 21, 1932, was filed in this court April 25, 1932, and the transcript was filed here on January 16, 1934. The motion to dismiss, on other grounds than that of the delay in filing the transcript and perfecting the appeal, is of date of February 1, 1933. It was in response to this motion that the foregoing certificate of the clerk of the circuit court was filed in this court.

The appellant's counsel had notice that on January 26, 1933, motion to dismiss the appeal was to be made, and the same apparent-

ly was not ruled on at the time indicated or subsequent thereto.

■ The rules that obtain in such a matter are given expression in Supreme Court rules Nos. 41 and 42, page 1935, Code 1928, sections 6103, 6106, and 6107, Code; and the decisions applying the same, Porter v. Martin, 139 Ala. 318, 35 So. 1006; Southern R. Co. v. Abraham Bros., 161 Ala. 317, 49 So. 801; Blair v. Rutherford, 207 Ala. 709, 92 So. 919; Britton v. Bullen, 213 Ala. 659, 106 So. 138. The dismissal of an appeal by this court in such case—with the excuse for delay that is given—is discretionary under rule 42; Luther v. Luther, 211 Ala. 352, 100 So. 497.

■ The cause, being duly docketed in this court, was not discontinued. The motion to dismiss the appeal has been examined on the facts indicated, and is overruled. McCoy v. Wynn, 215 Ala. 172, 110 So. 129.

■ There is a motion to strike the bill of exceptions or certain portions thereof. The rule for incorporating in a bill of exceptions a document introduced on the trial and incorporated by reference is, that it must be so described in the bill of exceptions that the clerk, unaided by memory, can make no mistake in preparing and certifying to the transcript, or can, unaided by memory, readily and with certainty know what document or paper is referred to without room for mistake. Jones v. First Nat. Bank of Greensboro, 206 Ala. 203, 89 So. 437; Tennessee-Hermitage Nat. Bank v. Hagan, 218 Ala. 390, 393, 119 So. 4. As otherwise stated, it must so "describe the paper by its date, amount, parties, or other identifying features, as to leave no room for mistakes in the transcribing officer," whether he be the immediate or succeeding transcribing officer. Looney v. Bush, Minor, 413; Parsons v. Woodward, 73 Ala. 348. And cases of a violation of circuit court rule 32 are: Turner v. Thornton, 192 Ala. 98, 68 So. 813; Heath v. Lewis, 200 Ala. 509, 76 So. 451; Fuller v. Fair, 206 Ala. 654, 91 So. 591.

It is recited in this bill of exceptions:

"If there is any question about it being the same parties and the same subject matter, we will offer in evidence the file in this Court of the case which was formerly tried and the files in the present case, which will fully establish the identity of the parties and the identity of the subject matter. And then if they deny it further, we will offer proof of our contention.

"Thereupon Counsel for Defendant stated to the Court that defendant *offered all the papers in both files and also the opinion of the Supreme Court*, and Counsel for the Plaintiff thereupon said in open court:

" 'The gentleman is entirely correct in stating that it is the same subject matter, and the gentleman is entirely correct in stating that it is the same parties, but where the gentleman is at fault is stating that it is entirely the same suit. In fact it is not the same suit, but it is entirely a different suit.'

"The Court overruled the motion and the defendant then and there duly excepted." (Italics supplied.)

It is further recited: " * * * We offer the records of the Circuit Court in case No. 2166, the entire record, including * * * all papers· and records concerning the matter, and we offer each separately and severally. And * * * the defendant again offered in evidence the transcript filed on December 17th, 1927, in the case of the Town of Albertville against Hamrick, being case No. 2166 heretofore set out in this bill of exceptions as evidence on the written motion of the defendant."

■ This evidence was offered on defendant's motion to require the payment of costs of the first suit, before procedure for reassessment. The court overruled defendant's motion, and to this action defendant duly excepted. In the ruling of the trial court on the introduction of this evidence—the introduction of the transcript to this court in cause No. 2166—there was no error. There could be no mistake in its incorporation as a part of this bill of exceptions thus described. Hamrick v. Town of Albertville, 219 Ala. 465, 122 So. 448.

■■ The description of the other documents ·to the effect that "defendant offered all the papers in both files" was merely a general reference to the file. For the purpose of defendant's motion to require payment of costs, this description as to· the offer as evidence presented was definite and not within the rule. Jones v. First Nat. Bank of Greensboro, 206 Ala. 203, 89 So. 437. The trial court had judicial knowledge of these records and proceedings. Nashville, Chattanooga & St. Louis Railway v. Crosby, 194 Ala. 338, 350, 70 So. 7.

The defendant then offered in evidence, with other documents, the contract of the city with the engineer B. J. Penter, recited as being "heretofore set out in this bill of exceptions," and "the minutes of the Town Council dated August 16th, 1926, and August

17th, 1926, and of June 1st, 1927, of June 28th, 1927, that of *July 1st*, and July 8th, 1927." The first page of this transcript setting out "the transcript of the proceedings before the Town Council" shows there were before the trial court "copies of the plans, specifications, profile sheets, blue prints and all of the engineering data covering said work of construction," together with the contract with the contractor, and some of these documents are not found to be contained in this record. As above indicated, the record recited that the paper of date July 1, 1927, was offered in evidence; it does not appear in the record; that Plaintiff's Exhibit No. 1 was offered in evidence, and we do not find it in this record; that a certain "book" or "roll" of assessment and transcript sent up by the clerk of the court on former appeal do not appear.

█ This is sufficient to indicate that the record and transcript disclose there were documents offered in evidence on the last trial and offered on this trial which are not embraced in the bill of exceptions. We are of opinion, however, that the motion to strike the bill of exceptions should be, and is hereby, overruled.

█ The statute (section 7222, Code) provides that: "Whenever a suit has been dismissed or nonsuit taken * * * between the same parties * * * the party filing the new suit must also pay into court all costs incurred in the former suit, and, upon his failure to do so, the judge, upon motion of the defendant or any other party in interest shall dismiss said action," also provides that "upon good cause shown, the judge may permit the party to pay such costs within ten days and proceed with the suit," and has been held to extend, in cases at law, the rule that had obtained in equity. Ex parte State ex rel. Hillhouse (Hillhouse v. Hillhouse), 221 Ala. 678, 130 So. 206; Jordan v. Jordan, 175 Ala. 640, 57 So. 436; Ex parte Apperson, 217 Ala. 176, 115 So. 226. It is declared, however, that such discretion as to good cause for permitting costs to be paid in former suits, etc., *is not unconditional or unrevisable.* Ex parte Canada Life Assur. Co. (Choate v. Canada Life Assur. Co.), 217 Ala. 210, 115 So. 244. The subject of parties was the subject of consideration in Roberts v. Bright, 222 Ala. 677, 133 So. 907.

█ The ruling of denial of the motion to require payment of adjudged costs incurred on former suit and appeal is fully indicated in the final judgment from which the appeal is taken. The record proper shows that motion was made in writing, and on appeal became a part of the record proper, and that it is not necessary for an exception to be reserved to present the ruling for review. Section 9459, Codes 1928 and 1923; National Surety Co. v. O'Connell, 202 Ala. 684, 81 So. 660; Lusk v. Champion Register Co., 201 Ala. 596, 79 So. 16; Grand Bay Land Co. v. Simpson, 202 Ala. 606, 81 So. 548; King v. Scott, 217 Ala. 511, 116 So. 681; Thomas v. Carter, 218 Ala. 55, 117 So. 634; Union Indemnity Co. v. Webster, 218 Ala. 468, 118 So. 794; Shepherd v. Clements, 224 Ala. 1, 141 So. 255; Formby v. Whitaker, 225 Ala. 154, 142 So. 536; St. Louis-San Francisco R. Co. v. Kimbrell, 226 Ala. 114, 145 So. 433; Nunez v. Borden, 226 Ala. 381, 147 So. 166. It will be observed that the two proceedings were the same subject-matter and parties. One was an attempt at original assessment for street improvements that was vacated on appeal; the other was for a reassessment as permitted by law (Hamrick v. Town of Albertville, 219 Ala. 465, 122 So. 448), and not within section 7222 of the Code. And there was no error to reverse in the denial of the instant motion. Alabama Fuel & Iron Co. v. Williams, 207 Ala. 99, 91 So. 879.

█ In the instant case, not only is the question of the right to proceed with the second suit without payment of costs in the first suit, in which plaintiff failed, presented under section 7222 of the Code, but the right of set-off of judgments is sought to be presented by the pleas of set-off 2, 3, and 4, to which demurrer was sustained. Section 10175, Code. The effect of our statute (section 10175, Code) was to make the set-off of mutual judgments " 'a clear legal right, not dependent on the grace of the court,' nor upon general considerations of equity." Ex parte Cooper, 212 Ala. 501, 103 So. 474, 475. It is held, however, that a mere order overruling a motion to set off judgments will not support an appeal. Louisville & N. R. Co. v. Echols, 213 Ala. 490, 105 So. 651. The ruling of the trial court in sustaining demurrer was no doubt on the ground that it is not shown by pleas 2, 3, and 4 that defendant had paid the costs of the first suit for which plaintiff was held liable.

In Louisville & N. R. Co. v. Perkins, 1 Ala. App. 376, 383, 56 So. 105, 107, it was correctly decided that: "The judgments of the Supreme Court were, in reality, judgments of the defendant against the plaintiff,

for the use of the parties in whose favor the various items of costs were taxed. Having paid two of the judgments, the defendant is the absolute owner of them, and the one remaining unpaid was its judgment for the use of the parties entitled to the costs. The fact that defendant, under the compulsion of the law, paid two of the judgments does not cancel them, and they still subsist as legal, valid judgments in favor of the defendant against the plaintiff. This proposition was expressly determined by the Supreme Court in the case of Montgomery v. Montgomery, 20 Ala. 350, in which the following language is used: 'The plaintiff in the execution, therefore, becomes immediately liable for all the costs created by him upon a return of his execution against the defendant "no property," and execution against him may be had to enforce this liability. Being then liable, his payment only extinguishes this liability, but does not in any manner affect his rights against the defendant. They remain the same, and an alias execution may be issued to enforce them.' "

█ In the ruling here sought to be reviewed by appeal there was formal judgment on such ruling, which was not within the influence of Louisville & N. R. Co. v. Echols, 213 Ala. 490, 105 So. 651. The holding in the Perkins Case, supra, indicates the failure of pleas 2, 3, and 4 to show payment thereof under the compulsion of the law, or absolute liability therefor, and that defendant was the absolute owner of all these items of costs in the first and abortive effort for assessment sought to be made, and demonstrates that this defendant may not set off that judgment for costs under the statute. He has no such right as to his costs incurred in the failure of his second appeal. There was no error in sustaining the demurrer to pleas 2, 3, and 4.

█ The court was in error in rendering a personal judgment against the appellant that was not authorized by the statute. Section 2199, Code, as amended by Acts 1927, p. 766, § 28; City of Huntsville v. Madison County, 166 Ala. 389, 52 So. 326, 139 Am. St. Rep. 45; Dothan Nat. Bank v. Hollis, 212 Ala. 628, 108 So. 589; Falkner v. City of Bessemer, 214 Ala. 130, 106 So. 897.

█ The law of such procedure need not be restated. It was proper for the plaintiff to move the court, before the evidence was closed, that the cost of the im-

provement be ascertained under section 2210 of the Code, as amended by Acts 1927, p. 768, § 39, which is to be taken and considered in pari materia with the entire system, as to assessments for street improvements. Hamrick v. Town of Albertville, 219 Ala. 465, 475, 122 So. 448.

█ In appeals from such assessments, it is provided that the cause may be tried on the record without other formal pleadings, and the court shall hear all objections of the property owner or owners. Sections 2204, 2209, Code, as amended by Acts 1927, pp. 767, 768, §§ 33, 38; Hamrick v. Town of Albertville, supra. And on such appeals only fundamental defects and not mere irregularities are available. This provision has reference to reassessments. Section 2210, Code; Ex parte Hill (City of Tuscaloosa v. Hill), 194 Ala. 559, 69 So. 598; Hamrick v. Town of Albertville, 219 Ala. 465, 122 So. 448; Id., 223 Ala. 216, 135 So. 326. It is further declared that separate and severable items of charges and costs, if improperly included and assessed, may be eliminated on the trial. Stovall v. City of Jasper, 218 Ala. 282, 118 So. 467; Hamrick v. Town of Albertville, supra. There was no fundamental defect in the original ordinance to pave the street in question, and this was indicated on the former appeals. Hamrick v. Town of Albertville, 219 Ala. 465, 122 So. 448; Id., 223 Ala. 216, 135 So. 326.

The several issues of fact duly presented on the trial were for the decision of the jury, and adversely decided against the owner. There was evidence on which the jury might have found that the several illegal items indicated by this court on first appeal had been eliminated, and not included in the proceedings or trial for reassessment, and not embraced in the verdict of adjudication and judgment; that is to say, there was evidence to support the verdict and judgment rendered as against the specific property of the owner. We have indicated that the personal judgment was not authorized by law.

█ It has been observed by this court that final decision to proceed with a project of paving or to determine the nature and character of the street improvement to be adopted may very properly be deferred until after the coming in of bids, or alternative bids on several characters of pavement. Stovall v. City of Jasper, 218 Ala. 282, 118 So. 467. The question of advisability or necessity for such improvement is for decision by the proper authorities of the municipal-

ity. Section 2174, Code, as amended by Acts 1927, p. 754, § 3; Stovall v. City of Jasper, supra.

It will be unnecessary to decide other questions presented under the bill of exceptions, which purports to contain all the evidence, but which, as we have heretofore indicated, is not shown to have been done. Woodrow v. Hawving, 105 Ala. 240, 16 So. 720; Wood v. Wood, 119 Ala. 183, 24 So. 841. And the law of due enforcement of paving assessments and reassessments has been indicated in the statutes and decisions, and need not be further restated.

This case has been before this court on three appeals, Hamrick v. Town of Albertville, 219 Ala. 465, 122 So. 448, Id., 223 Ala. 216, 135 So. 326, and the instant case. The principles applied or announced on these appeals are cited with approval in several announcements by the court (following the former decision of Ex parte Gudenrath [In re City of Huntsville v. Gudenrath], 194 Ala. 568, 69 So. 629); McRea v. Marion County, 222 Ala. 511, 133 So. 278, on compensation because of benefits to be awarded; on abutting property, Goodman v. City of Birmingham, 223 Ala. 199, 135 So. 336; on due process, Hartwell et al. v. State ex rel. Willis, 225 Ala. 206, 142 So. 678; on "increased value" and a "community interest" in City of Ozark v. Byrd, 225 Ala. 332, 143 So. 168; the procedure to vacate or prevent the enforcement of void assessments, City of Jasper v. Sanders, 226 Ala. 84, 145 So. 827; and in fixing a local assessment against abutting property the final inquiry is the difference in the value of the property (that specific property) before and after the completion of the project, *and all circumstances tending to show depreciation as well as enhancement are for the jury's consideration.* McRea v. Marion County, supra; Hatter v. Mobile County, 226 Ala. 1, 145 So. 151; Pryor et al. v. Limestone County, 222 Ala. 621, 134 So. 17; Crawford v. City of Decatur, 226 Ala. 418, 147 So. 615. The important subject needs no further illustration or discussion.

The judgment is corrected, making the same a judgment against the property, and not against the personal estate of the appellant owner. The costs of this appeal are taxed against the appellee.

Corrected and affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.