159 So. 58

## WYNN v. FIRST NAT. BANK OF DOTHAN.

### 4 Div. 790.

Supreme Court of Alabama.

Dec. 20, 1934.

Rehearing Denied Jan. 31, 1935.

O. S. Lewis, of Dothan, for appellant.

Farmer, Merrill & Farmer, of Dothan, for appellee.

BOULDIN, Justice.

The First National Bank of Dothan filed a bill against Joe Wynn, appellant, to enforce a local assessment, alleged to have been adjudged by regular proceedings of the town of Hartford against abutting property for street improvements.

Complainant claims as assignee of such assessment and the statutory lien for its enforcement.

Respondent filed a cross-bill to cancel and vacate such assessment for fraud and illegality.

The appeal is from a decree sustaining demurrers to the cross-bill.

The cross-bill does not deny the averments of the original bill that the town council passed improvement ordinances, let a contract for the improvements, under which they were duly made and accepted, and thereupon assessment proceedings, with the notices required by law, were made and entered; all such proceedings being regular and according to the forms of law.

The gravamen of the cross-bill is that the improvement was made as a state highway project, under a contract let by the State Highway Department to the municipality; that, when completed and accepted, the municipality, and its contractor, were fully paid therefor from state highway funds; that

nevertheless, the municipal authorities, after receiving full payment, proceeded to impose local assessments upon abutting property. The cross-bill, upon these averments, charges that the jurisdiction to make such assessment was acquired by the concoction of a fraudulent and simulated right to make such assessment; that the result is a judicial fraud.

It appears from the original bill and exhibits that the original and final improvement ordinances were passed in May, 1927; that in June, 1927, a contract was duly let for improvements on several streets of the town of Hartford at a total contract price of $34,425.-80.

The cross-bill discloses that pending this situation, and on August 15, 1927, the municipality made a contract with the State Highway Department to construct the improvement on Main street abutting the property here involved as a state highway project at and for the sum of $7,200; and on completion the full amount due for this portion of the improvement was ascertained and paid by the Highway Department.

■ Whether, in letting a contract by the Highway Department to a municipality (Highway Code 1927, § 27, Code 1928, § 1397 (29) for an improvement upon a public street of the town, and at the same time a part of the state highway system, the town may, as matter of law, with or without stipulations in the contract with the Highway Department, proceed under its municipal powers for the making of such improvement and local assessment, is not presented in briefs, and therefore is not here determined. Whether the state aid in such case should inure to the municipality for the benefit of all its citizens, or go to relieve abutting property from liability for the special benefits accruing to such property from such improvements, is a question of policy worthy of the consideration of the lawmakers.

■ In the instant case the record discloses all the necessary jurisdictional facts, legislative acts in passage of improvement ordinances, executive and administrative action in letting contract and supervising the improvement, followed by judicial action in making local assessments, recited to be not in excess of the special benefits to abutting property by reason of such improvements, and not in excess of the cost of such improvements.

The cross-bill is, therefore, an attack on the integrity of a judicial record for matters dehors the record.

Fraud in the concoction of such judgment, charged against the judicial authority itself, is rightly treated in briefs as the basis of the cross-bill.

Clearly the objection now urged against the validity of the assessment was open to appellant while the proceedings were in progress, with all the legal remedies, by appeal, or otherwise. There is no averment that he did not have the notices provided by law, nor indeed that he did not have actual knowledge of all the facts now asserted in his cross-bill. It appears he has in fact paid part of the assessment.

In the recent cases of Florence Gin Co. v. City of Florence et al., 226 Ala. 478, 147 So. 417, and City of Jasper et al. v. Sanders, 226 Ala. 85, 145 So. 827, this court fully considered bills in equity attacking assessment proceedings of this character. These cases, and authorities there cited, are clear to the point that a bill in equity does not lie for matters which could, with due diligence, have been presented and adjudicated in the original proceedings.

■ The bill must clearly aver a want of knowledge or other good reason why he did not avail himself of the remedies provided by law. Demurrers directed to this defect were properly sustained.

■ Moreover, in the recent case of Hatton v. Moseley, 156 So. 546,[1] this court has reviewed the cases, and re-announced the long-recognized rule that bills in equity to cancel judgments or judicial proceedings at law for fraud are bills in the nature of bills of review and by analogy are barred by the limitation of three years, with proviso giving one year after discovery of the fraud.

■ These assessments were perfected of record in November, 1927; the cross-bill filed in November, 1933, a delay of six years. No excuse is given for this delay, and the suit is barred under authority of Hatton v. Moseley, supra.

This question was sufficiently raised by assignment of demurrer numbered (v).

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

On Rehearing.

BOULDIN, Justice.

The opinion is sharply assailed in brief on rehearing as giving sanction to a simulated

---

[1] Ante, p. 240.

and fraudulent concoction of a judgment by the judicial body.

On the contrary, the opinion undertakes to point out, on the authority of our former decisions, why the cross-bill does not present a case for equitable relief on such grounds.

The cross-bill is not to be judged by mere general allegations of fraud, but from the averments of fact therein in connection with the original bill and exhibits; so far as admitted or not denied in the cross-bill.

As pointed out, the city had duly enacted improvement ordinances for the improvement of this section of Main street, along with a number of other streets, the cost to be assessed against abutting property, not exceeding the special benefits accruing to such property by reason of such improvements.

A contract had been duly let for the improvements as a whole. At this stage the state, under its statutory powers, contracted with the municipality to construct this section of the improvements as a state highway project, to be paid for from state highway funds. This contract was carried out, the state's funds paying for the improvement.

There is no averment the improvement was not made as per the original ordinances, nor is it denied that cross-complainant's property was enhanced in value thereby to the extent of the assessment, nor that such assessment exceeded the cost of the improvement. In essence and effect complainant's contention is that the public funds, state highway funds, paid to the city, went, as matter of law, to relieve this property from the assessment originally contemplated; that through such process public funds were devoted to the enhancement of the value of this property, while other abutting properties were assessed with such benefits. The cross-bill does not set forth the terms of the contract between the town and Highway Department in this regard, nor whether there was any stipulation on the subject.

In any event, when the town council came to consider what property should be assessed, it became a question of law whether this property remained subject to assessment to avoid discrimination, and give the benefit of state aid to the public, rather than to confer special benefits on this property free to the owner.

If complainant had such rights, the record discloses no excuse why they were not asserted at law. It affirmatively appears the council gave the notice required by law that this property was being assessed, and an opportunity given for hearing.

For aught averred, the complainant had actual knowledge of all the facts, and by silence consented thereto, as the statute declares, or, if objection was interposed, same was overruled, and an adequate remedy at law provided. It does appear affirmatively that he had actual knowledge of the assessment having been made, a demand for payment, and payment made thereon. It does not appear this suit was brought within one year thereafter, the period of limitation when the suit is brought after three years.

We adhere to the conclusion that the cross-bill does not make a case for equitable relief upon the ground of fraud; and, if any such equity were shown, it is barred.

Application overruled.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur in the foregoing opinion.

THOMAS, BROWN, and KNIGHT, JJ., concur as per special opinion of BROWN, J.

BROWN, Justice (concurring specially).

The authority and duty of constructing, improving, and maintaining public streets, avenues, alleys, and highways within a municipality are conferred on the corporation, and the foundation of its right under the Constitution and the statutes, to assess property abutting on a particular street, avenue, alley, or highway, is the "cost and expense" of such improvement to the municipality, with the limitation that the assessment shall not exceed the "increased value of such property by reason of the special benefits derived from such improvements." Const., 1901, § 223; Code 1923, § 2174.

If such improvement is authoritatively made by another agency of the state or person, without cost to such municipality, there can be no doubt that the basis of the municipality's abstract right to assess abutting property does not exist, and if under such circumstances an assessment is made, such assessment is inequitable and unjust, and a court of equity in a proper case should grant relief.

The primary character of equity as a complement merely to the administration of justice in courts of law is that it seeks to reach and do complete justice, where courts of law, through the inflexibility of their rules and want of power to adapt their judgments to the special circumstances of cases, are incompetent so to do. Otherwise stated, equity is "the correction of the law, where by reason of its universality it is deficient," and

will not suffer a wrong to be without a remedy, where the party wronged has been vigilant in protecting his own interest. 10 R. C. L. 378, § 129.

However, equity aids the vigilant, not those who slumber on their rights. 10 R. C. L. 388, § 138.

The appellant, in so far as the averments of his cross-bill go, is in the same attitude as if he had been sued at law and duly served with process, on a debt which had been paid, and with full knowledge sits by and allows the court to proceed to final judgment against him. In such a case equity will not interfere, because he is responsible for his own hurt. He must be free from fault or negligence. Evans v. Wilhite et al., 167 Ala. 587, 52 So. 845; City of Mobile v. Smith, 223 Ala. 480; 136 So. 851.

Appellant has not only through his own fault allowed a lien to be fixed against his property, but so far as his averments go, he has allowed the claim to pass into the hands of a third party, who was without notice of his defense, and must suffer the consequences of his own negligence.

THOMAS and KNIGHT, JJ., concur.