183 So. 437

## CHENAULT v. CITY OF RUSSELLVILLE.

### 8 Div. 841.

Supreme Court of Alabama.

April 21, 1938.

Rehearing Denied June 16, 1938.

As Modified on Rehearing June 30, 1938.

Further Rehearing Denied Oct. 6, 1938.

Travis Williams and Wm. L. Chenault, both of Russellville, for appellant.

J. Foy Guin, of Russellville, for appellee.

THOMAS, Justice.

The appeal is from a judgment on the law side of the law and equity court of Franklin county. Loc.Acts 1923, p. 272.

This is the second appeal in this case, and the former appeal is reported as Chenault

454

v. City of Russellville, 233 Ala. 60, 169 So. 706.

In the case of Walton v. City of Mobile, 232 Ala. 200, 167 So. 247, observation is made on the remedies of the property owner in case of a local assessment, viz.: (1) Present jurisdictional objections to improvement assessments, if such exist; (2) present objections as to the regularity of the proceedings to such end; and (3) appeal from the judgment. Code 1923, § 2196, as amended by Gen.Acts 1927, p. 765, § 25; Chenault v. City of Russellville, 233 Ala. 60, 169 So. 706.

Many questions assigned as error were decided against the appellant on the former appeal. That is to say, questions as to the regularity and legality of the proceedings to make the street improvement in question and to assess the cost thereof against the abutting property owners, according to the increased benefits derived therefrom, and we find no reason to depart therefrom. The case was reversed, however, because in the suit to set aside street assessment evidence was excluded tending to show that the cost of the pavement had been paid to the city by the state. Chenault v. City of Russellville, supra; Code 1923, § 2174 et seq., as amended by Gen.Acts 1927, p. 754 et seq., § 3 et seq.

On the second trial, among other things, it was agreed by counsel "That all testimony and evidence admitted on the former trial, shown in and by the bill of exceptions for appeal, set out in the transcript for appeal at pages 17 to 313, both inclusive, may be taken and considered by the trial court, as fully as if all witnesses testifying on the former trial had given the same testimony on the retrial and as if all documentary evidence offered on the former trial had been reoffered on the retrial; such bill of exceptions to become and constitute a part of the record in the event of a second appeal.

"That no evidence or testimony offered on the first trial, as to which an objection was sustained by the trial court, shall be considered on the retrial; but the right is reserved to both parties to reoffer the same evidence."

It was further agreed that rulings on the first trial rejecting evidence were not binding on the second trial; that the right was granted to call additional witnesses; and the reservation made for renewing of objections to evidence. Under this agreement, all rulings on the first trial are set out and are not presented for review on this appeal by a general objection to all of the testimony. There was no specific exception reserved which presented objections to former rulings for review.

What actually occurred on the trial, as affecting the rulings on which reversal was rested on the first appeal, is stated as follows:

"The plaintiff offers the same as far as specified in and by said agreement and limits the same as limited in and by said agreement.

"The defendant objects specifically to all that part of the testimony offered by the City of Russellville and in each and every case where objections were made to any part or parts of the testimony, assigning the same objections as shown by the record and the same exceptions taken as shown were taken by the record.

"The defendant objects specifically to that part of the record referred to in the agreement which was objected to by the City of Russellville, by its attorneys, and if the Court allows said testimony over the objection of the defendant, then the same exceptions are taken as shown were taken in the record on the former trial.

"The attorney for the plaintiff city states at this time to the Court, that if the Defendant desires the benefit of the testimony of the witness Ramsey as to which objections were sustained in the former trial and on which reversible error was predicated in and by the opinion of the Supreme Court, that they are entirely willing without objection or exception for the witness to be produced and testify in answer to the questions as to which objections were sustained in the former trial.

"The court overrules all objections of the City of Russellville to questions propounded to witness Ramsey in regard to State paying for the paving, and Court allows Defendant to call witness W. W. Ramsey, or any other witness he desires to call, to offer evidence as to whether or not the State of Alabama paid for the paving or any part of it."

The plaintiff presented the documentary evidence set out and the oral testimony which was before the court on the first appeal. Appellant did not call Mr. Ramsey, the former mayor, on the question on which reversal was rested on the former appeal.

Appellant offered the transcript from the State Highway Commission, which was ad-

mitted without objection or exception. The transcript was, in part, as follows:

"Defendant offers in evidence certified copy of contract with all attached papers certified to by L. L. Herzberg, Associate Commissioner of the Alabama State Highway Commission, certifying that he has control and supervision and charge of the records of the Alabama State Highway Commission, certified to December 15, 1936, by L. L. Herzberg.

"Defendant introduces in connection with this File Contract project voucher of State aid road, Project No. S-346, City of Russellville, Alabama, for work done from February 1 to August 1, 1928.

8000 sq. yds. base course and price of it
8000 " " sand rock asphalt and price of it,
8000 " " grading and draining and price of it.

"Q. That paving that was done out there was concrete base and asphalt top? A. That is right.

"Defendant introduces in evidence Pamplet 'J' Alabama State Highway Department, standard specifications, 1927, Division IV, contract forms. Project No. S-346, specifications, proposal, contract and bond for construction of pavement in the Town of Russellville, road known as S-346, part of the Russellville Red Bay Road in Franklin County, type concrete, file in the highway department office at Montgomery, Ala. Signed Alabama State Highway Department by F. C. McManus, Secretary State Highway Commission.

"Defendant introduces notice to Contractors State Project No. 346, Franklin County Showing type of work proposed, signed Woolsey Finnell, Highway Director.

"Defendant also introduces proposal for the construction of Project No. S-346 in Franklin County, Alabama, dated March 28, 1928, of City of Russellville, Russellville, Alabama, for constructing pavement on the Russellville-Red Bay road in the town of Russellville, etc. Plans and specifications marked State Project No. 346 signed Woolsey Finnell. * * *

"Defendant also introduces contract entered into by the City of Russellville with the State of Alabama to do that paving for the State of Alabama. This contract entered into and executed by the State of Alabama by Woolsey Finnell, Highway Director, and City of Russellville by W. W. Ramsey, mayor, and signed by associate commissioners, Henry J. Law, Jno. S. Turner, and Woolsey Finnell, Highway Director, dated April 14, 1928.

"Defendant also introduces bond signed by the City of Russellville by W. W. Ramsey, Mayor and Southern Surety Company by W. M. McCray, Jr., Attorney in fact, and approved by Woolsey Finnell, Highway Director, Henry J. Law and Jno. S. Turner, Associate commissioners."

Among other things, the record on the former appeal, and the one presently before us, set out the contract between the highway directors and the City of Russellville, which specifically stated the agreement between the parties. In said contract it is stated that "The State agrees and promises to pay to the contractor for said work, when completed in accordance with the provisions of this contract, the price as set forth in the said proposal, amounting approximately to Eleven Thousand nine hundred Twelve and 00/100 Dollars ($11,912.00) payments to be made as provided in said specifications upon presentation of the proper certificates of the State Highway Commission or its representatives and upon the terms set forth in the said specifications and pursuant to the terms of this contract."

The bond in evidence recited that "the conditions of this obligation is such that whereas the above bound City of Russellville, Alabama, have this day entered into a contract with the said State of Alabama, for the building of the pavement on the road in Franklin County, to-wit: a road leading from part of the Russellville Red Bay Road known as Project Number S-346 in the town of Russellville, a copy of which said contract is hereto attached. Now, therefore, in the event the said City of Russellville, Ala. as such contractor shall faithfully and promptly perform said contract and all the conditions and requirements thereof, then this obligation shall be null and void and of no effect, otherwise to remain and be in full force and effect."

The minutes of the State Highway Commission of Alabama, "3-29-28," state:

"Tabulation of bids received for the construction of State Project 346 Franklin County, paving in the town of Russellville, was read and Col. Finnell recommended that contract be awarded to the Town of Russellville.

"Mr. Law made a motion which was seconded by Mr. Turner that contract for the construction of the paving in the Town of

Russellville, Ala. be awarded to the Town of Russellville for $11,912.00. Motion carried."

Certification of L. L. Herzberg, associate commissioner of the Alabama State Highway Commission, as to said project is as follows: "I further certify that said bid made by the City of Russellville for the pavement done under said bid of part of the said road within said City of Russellville was for the sum of $11,912.00. And I further certify that said amount of $11,912.00 for which said project and pavement was awarded the City of Russellville has been fully paid. And I further certify that the Records and Minutes of the Alabama State Highway Commission show that the balance of this bid was paid to the City of Russellville in September, 1928 by Warrant 37143."

The effect of this last-quoted record was no more than that the state had paid the sum agreed upon ($11,912) for the construction work. Said record is not to the effect that the whole improvement would cost no more than the sum indicated or that the state would pay the whole sum due for that improvement.

The city offered no new witnesses on the last trial. The defendant offered two new witnesses who testified on the question of values or the enhancement of value of property because of the construction. The defendant returned to the stand, testifying that his property abutted on Bellgreen road, which the contract with the state affected. Cross-examination developed the fact that defendant knew of the proposed work before it began, understood the effect of the contract entered into and that it was to improve the highway and pave it at an additional cost to property owners over and above the amount paid by the state; that he accompanied Mayor Ramsey on one occasion to obtain state aid in order to reduce the cost of the pavement to the property owners; and that he protested his assessment on the ground of cost and not on the ground that the cost was to exceed by a large sum the amount paid by the state.

The issue of fact then is, The total improvement having cost $36,000 and the state having paid $11,912 of that amount, did the contract of the city with the state estop the municipality from enforcing the difference in such costs against the abutting properties on the basis of the enhanced value to said abutting properties for and within

the recognized rule that obtains for such assessments? Hamrick v. Town of Albertville, 228 Ala. 666, 155 So. 87.

The State Highway Commission had the authority of law to contract as it did with the municipality to do the work of constructing roads, bridges, and highways within the municipality. Alabama Highway Code of 1927, § 27; Michie's Code, 1928, § 1397(29). The section of Michie's Code last referred to is as follows: "The State Highway Department may enter into contracts with any of the counties of the state, or with any of the municipalities of this state as it may with individuals, firms or private corporations, to do any work in the construction, repair or maintenance of the roads, bridges or highways in this state. (1927, p. 356)."

When improvements of state highways within a municipality are made by part payment of the cost by the state, the practice followed in this case is the same as has been generally adopted and followed. No just ground would prevent the city from duly assessing the cost which it had incurred against the abutting property owners, according to the rule of benefits and enhanced value to property. This case is distinguished from Wynn v. First National Bank of Dothan, 229 Ala. 639, 159 So. 58, where the entire cost of construction was paid by the state.

Under the terms of the statute, regardless of technical irregularity in the manner of making the state's appropriation, it was the duty of the trial court to assess (according to the rule that obtains relative to such assessments) the abutting property so improved with the amount with which such property was chargeable. Hamrick v. Town of Albertville, 219 Ala. 465, 122 So. 448; Id., 228 Ala. 666, 155 So. 87; Code 1923, §§ 2174 and 2210, as amended by Gen.Acts 1927, pp. 754, 768, §§ 3, 39. This right was recognized in City of Birmingham v. Emond, 229 Ala. 346, 349, 157 So. 64.

Under the express language of the statute, the decisions cited, and the pertinent evidence, the city was authorized to assess the additional cost of the improvements against the abutting properties (within the rules that obtain for assessments against abutting properties according to benefits, for highway construction and improvements), over and beyond the sum which the state contributed.

The judgment of the lower court is without error and is affirmed.

Affirmed.

All the Justices concur.

### On Rehearing.

██ Upon further consideration our attention has been called to the form of judgment rendered in the law and equity court in which it was ordered that unless appellant shall pay the full amount of said assessment and costs within thirty days, the lien shall be enforced forthwith by a sale of the property.

This order fails to give due effect to Section 2216, Code, in that it does not allow him to elect, within thirty days after the assessment is thereby made final (Stovall v. City of Jasper, 218 Ala. 282, 118 So. 467), to pay said assessment in ten annual installments with interest. It is the opinion of this Court that said judgment should so recite, and it is therefore ordered that it be accordingly modified in that respect, and as so modified affirmed.

All the Justices concur.